his own safety, the jury might consider the fact that there was no evidence that he looked for the car before going upon the track, the court did so, but supplemented this instruction by saying:

"I should add, in explanation of that instruction, that there is no hard and fast rule of law that requires a person to look up and down the street when about to cross the track of a street surface railroad. If the car, at the time a person undertakes to cross, is sufficiently far away that a person in the exercise of ordinary care may get across in safety, then the failure to look is not evidence of negligence. In a crowded city like this, if every person waited for a car to stop and slow up before they got across the street, they would be a good while in getting across; but it is proper that you should bear in mind all the evidence."

This modification of or supplement to defendant's request was duly excepted to, and, as we consider, calls for a reversal of the judgment. We are not prepared to hold that, even considered as an abstract proposition of law, the instruction was accurate. It is undoubtedly the duty of a person attempting to cross a railway track, whether in the city or the country, to exercise care to ascertain whether it is safe to make the attempt, and the failure to look for an approaching train or car must be considered as some evidence of negligence. Of course, it is not conclusive. It may well be that, at the time the foot passenger should have looked, the car was so far away that, even if he had looked, it would not have been imprudent to attempt to cross. In such a case the jury may consider that the failure to look was not the proximate cause of the accident, and this is undoubtedly what the learned court intended the jury to understand. But, whatever may be said as to the correctness of the abstract proposition, it was strikingly inappropriate to the facts shown by the evidence in this particular case, and its tendency was to lead the jury to believe that it was unimportant whether or not the plaintiff did, in fact, look for the car before going on the track.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

———

(118 App. Div. 88)

RUSSELL & ERWIN MFG. CO. OF NEW YORK v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   March 8, 1907.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—DISCHARGE OF LIEN—UNDERTAKING—BY WHOM GIVEN.

Under Laws 1897, c. 418, p. 524, Mechanic's Lien Law, § 20, as amended by Laws 1898, p. 318, c. 169, § 1, providing that a lien against an amount due or to become due a contractor from a municipal corporation for the construction of a public improvement may be discharged by the contractor executing an undertaking, with two or more sureties, to the state or municipal corporation with which the notice of lien is filed, in such sums as the court may direct not less than the amount claimed in the notice of lien, conditioned for the payment of any judgment which may be recovered in an action to enforce the lien, and section 22 of said Laws 1897, p. 525, c. 418, providing that the article shall be liberally construed, etc., either the assignee of the entire contract or an assignee of part of the moneys due thereunder may obtain the funds by giving the undertaking required by the statute.

2. SAME—FORM OF UNDERTAKING—SUFFICIENCY.

The undertaking must conform to the requirements of the statute, and an undertaking merely conditioned for "the payment to each lienor respectively of any sum found due on account of said lien to the extent that the said sum shall be found to have priority over and above the lien, if any, created by said assignment," etc., is insufficient.

Appeal from Special Term, New York County.

Action by Russell & Erwin Manufacturing Company of New York against the city of New York and others. From an order authorizing the discharge, on giving an undertaking, of certain municipal liens filed by them against moneys due or to grow due contractors for the construction of additions to a public school, plaintiff and defendants Eugene H. Hinkle and another appeal. Order modified, and, as modified, affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Frank W. Hubby, Jr., for appellants.

Maxwell C. Katz (Otto C. Sommerich, on the brief), for respondents.

LAUGHLIN, J. The motion to discharge the liens upon giving an undertaking, was made by the Twelfth Ward Bank, which held an assignment from the contractors of part of the moneys to be paid by the city under the contract. The first claim made by the appellants is that such an assignee has no standing to obtain a discharge of the liens. The statute only expressly authorizes the discharge upon the application of the contractor, but the courts have held that it should be construed as authorizing a discharge upon the application of an assignee of the contractor, who stands in the shoes of the original contractor. Sections 18 and 22, Mechanic's Lien Law (Laws 1897, c. 418, pp. 523–525) section 20 (Laws 1898, p. 318, c. 169); Matter of Hudson Water Works, 111 App. Div. 860, 98 N. Y. Supp. 33. See, also, Hawkins v. Mapes-Reeves Construction Co., 82 App. Div. 72, 81 N. Y. Supp. 794. It is claimed that the decision last cited does not authorize an assignee of part of the fund merely to make the application. We are of opinion, however, that either an assignee of the entire contract or an assignee of part of the moneys due thereunder, should be permitted to obtain the funds upon giving the undertaking required by the statute. It is not conceivable that any one can be prejudiced by such course, and an assignee of part of the fund is quite as much within the spirit of the statute as an assignee of the contract. The point is that the person claiming to be entitled to the money earned under the contract, may obtain it upon giving an undertaking to protect the other claimants. The undertaking, upon the giving of which the court is authorized a discharge of these liens, however, does not conform to the statute. The order merely requires an undertaking "conditioned for the payment to each lienor, respectively, of any sum found due on account of said lien, to the extent that the said sum shall be found to have priority over and above the lien, if any, created by the said assignment of Flood & Ryan to the Twelfth Ward Bank." If the assignee of the entire contract, or the assignee of part of the moneys due thereunder, wishes to obtain the benefit of the statute, and have the liens canceled and receive the

money, he must take the same responsibility that the original contractor would have been obligated to assume, which is to give an undertaking for "the payment of any judgment which may be recovered in an action to enforce the lien." Lien Law, art. 1, § 20, subd. 5 (Laws 1898, p. 318, c. 169). This would of course, make the bank and its surety responsible for the debts of third parties; but if it wishes to obtain the moneys, it must assume that responsibility, for it is only upon executing such an undertaking that the original contractor, who would have been liable to the lienors, was entitled to obtain the fund. The authority of the court to discharge such a lien by motion is wholly statutory, and therefore the discharge may only be granted on complying with the requirements of the statute.

It follows that the order should be modified by requiring an undertaking in the language of the statute, and, as modified, affirmed without costs. All concur.