*62 OPINION OF THE COURT
Thomas A. Stander, J.
The application by The Pike Company, for an order canceling the notice of mechanic’s lien filed on August 24, 1992 by Syracuse Castings in the amount of $25,950.81 against the interest and monies due under a contract between The Pike Company and Dormitory Authority of the State of New York, and an order canceling the undertaking executed by The Pike Company in the sum of $30,000, were argued before this court on July 29,1993. The court reserved decision.
The evidence in this case establishes that on August 24, 1992, Syracuse Castings Sales Corp. (Syracuse Castings) filed in the office of the Chief Financial Officer of the Dormitory Authority of the State of New York a mechanic’s lien against interests and monies due under a contract between The Pike Company and the Dormitory Authority.
By stipulation, dated September 3, 1992, the parties, The Pike Company and Syracuse Castings Sales Corp., agreed to release the lien based upon the filing of an undertaking. Based upon the stipulation, this court signed an order fixing the undertaking and discharging the lien of record on September 14, 1992. This order was entered in the Monroe County Clerk’s office on September 18, 1992. This court recognizes that the case law conclusively establishes that "[u]pon the filing of such a discharge bond [consisting of an undertaking under court order made pursuant to Lien Law § 21 (5)] the public improvement lien previously filed attaches to the bond, which is substituted for the liened property.” (Tri-City Elec. Co. v People, 63 NY2d 969, 971 [1984].)
The Lien Law addresses the issue in question. Lien Law §§ 18 and 21 state as follows:
"§ 18. Duration of lien under contract for a public improvement
"If the lien is for labor done or materials furnished for a public improvement, it shall not continue for a longer period than six months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, and a notice of the pendency of such action is filed * * * or unless an extension to such lien is filed * * * The provision of this section in regard to continuing liens shall apply to liens discharged by deposit or by order on the filing of an undertaking” (emphasis added).
"§ 21 * * * A lien against the amount due or to become due *63 a contractor from the state or a public corporation for the construction or demolition of a public improvement may be discharged as follows: * * *
”2. By lapse of time as follows:
"(a) When six months have elapsed since the filing of the notice of lien, unless, before the expiration thereof, either an order continuing said lien has been filed in the office where the notices are filed, or a notice of the pendency of an action to enforce said lien has been filed as provided in section eighteen of this article. * * *
"3-a. Under the provisions of subdivisions * * * five [discharge of lien by filing undertaking] * * * a discharge of lien shall only operate to relieve the comptroller * * * or the financial officer * * * or the officer or person with whom the lien is filed of any and all liability imposed upon such officer by reason of the filing of the lien. Such lien shall be a valid and subsisting lien for all other purposes until discharged as prescribed by the provisions of the other subdivisions of this section.”
Syracuse Castings filed with the Erie County Clerk a notice of claim verified December 8, 1992. Syracuse Castings claims that, pursuant to Lien Law § 37, this notice of claim preserves its lien against the undertaking and that Lien Law §§ 18 and 21 do not apply. We find their reliance on section 37 to be misplaced.
Lien Law § 37 authorizes an owner or contractor to execute a bond to the county clerk of the county where the premises are situated conditioned for the payment of any judgments from actions arising from the labor performed or material furnished on the contract. This section, subdivision (5), specifies that to perfect a claim under this bond the claim "shall within the time prescribed * * * for the filing of a notice of lien, file a notice of claim in the office of the clerk of the county where such bond is filed.”
In the instant case, Syracuse Castings filed a notice of lien under Lien Law § 12, which was thereafter discharged pursuant to Lien Law § 21 (5) based upon the execution of an undertaking. Syracuse Castings now claims that it filed the notice of claim to perfect his claim against a section 37 type of undertaking; however, there is no proof submitted that the notice of claim was filed with the clerk of the county where the bond was filed. In addition, if Syracuse Castings were attempting to perfect his claim against the bond now in *64 existence, then the undertaking of the contractor, The Pike Company, would have had to be executed to the county clerk of the county where the premises are situated. (Lien Law § 37 [1].) The undertaking herein is to the Dormitory Authority.
We conclude that section 18 of the Lien Law clearly requires an action to be commenced and a notice of pendency filed or an order extending the lien, even when the lien has been discharged by order on the filing of an undertaking. Under Lien Law § 21 (3-a) and (5) a lien discharged by executing an undertaking "shall be a valid and subsisting lien for all other purposes until discharged as prescribed by the provisions of the other subdivisions of this section [21]” (emphasis added).
Syracuse Castings was obligated to commence an action to foreclose the lien and file a notice of pendency or obtain a court order continuing the lien. There is no proof presented that an action was commenced and a notice of pendency filed, nor is there any proof that an extension of the lien was obtained from the court.
Syracuse Castings failed to comply with the requirements of the Lien Law to preserve its lien. "Failure to file a lis pendens or obtain an order continuing the lien within the prescribed period is a fatal omission [citations omitted]. Once lapsed, it is not revived by the subsequent action.” (Tri-City Elec. Co. v People, 96 AD2d 146, 151 [4th Dept 1983], affd 63 NY2d 969 [1984], supra.)
The application by The Pike Company for (1) an order canceling the notice of mechanic’s lien filed by Syracuse Castings in the amount of $25,950.81 on August 24, 1992 against the interest and monies due under a contract between The Pike Company, Inc. and the Dormitory Authority of the State of New York, and (2) an order canceling the undertaking executed by The Pike Company as principal, and Reliance Insurance Company of New York, as surety, in the sum of $30,000 is granted.