■ CLG, INC., Respondent, v BAT-JAC CONTRACTING, INC., Appellant, et al., Defendants. [646 NYS2d 50] —In an action, *inter alia,* to foreclose on a mechanics' lien, the defendant BAT-JAC Contracting, Inc., appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated June 27, 1995, which denied its motion for partial summary judgment dismissing the plaintiff's first cause of action insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for partial summary judgment is granted, and the first cause of action insofar as asserted against the defendant BAT-JAC Contracting, Inc., is dismissed.

Pursuant to Lien Law § 18, a public improvement lien is valid for a period of no more than six months from the date of the filing of the notice of lien unless an action is commenced

and a notice of pendency is filed with the proper financial officer (except in certain instances not relevant to this case). The failure to timely file the notice of pendency is fatal to this action *(see, Ward-Carpenter Engrs. v Sassower,* 163 AD2d 304; *Walker v Buffalo Elec. Constr.,* 83 AD2d 768). Here, the notice of pendency was not filed within the six-month period set forth in Lien Law § 18. Therefore, the appellant's motion for partial summary judgment dismissing the first cause of action insofar as asserted against the appellant should have been granted.

We have examined the plaintiff's remaining contentions and find them to be without merit. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.