■ In the Matter of BAT-JAC CONTRACTING, INC., Appellant, v ITALIA CONSTRUCTION COMPANY, Respondent. [693 NYS2d 603] —In a proceeding pursuant to Lien Law article 2, *inter alia,* to discharge a public improvement mechanic's lien undertaking and the surety, the petitioner appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 30, 1998, which denied its motion for that relief.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

Prior to the termination of the public improvement lien obtained by Italia Construction Company (hereinafter Italia), the petitioner Bat-Jac Contracting, Inc. (hereinafter Bat-Jac), obtained an undertaking "conditioned for the payment of any judgment which may be recovered in an action to enforce the lien" (Lien Law § 21 [5]; *see, Russell & Erwin Mfg. Co. v City of New York,* 118 App Div 88). "Upon the posting of the [undertaking] a 'shifting' occurs and the lien detaches from its original adherence (appropriated funds or property) and attaches to the substitute, the bond" (*Tri-City Elec. Co. v People,* 96 AD2d 146, 150, *affd* 63 NY2d 969).

Although the lien attached to the undertaking, the lien nevertheless was extinguished because, within six months from the filing of the lien, Italia did not commence an action to foreclose its lien, file a notice of pendency, or obtain an order extending the lien (Lien Law §§ 18, 21 [2]; *CLG, Inc. v Bat-Jac Contr.,* 230 AD2d 701; *Tri-City Elec. Co. v People, supra*; *Matter of Syracuse Castings Sales Corp.,* 159 Misc 2d 61).

Payment of any judgment which may be rendered in Italia's action alleging a non-Lien Law cause of action to recover damages for work, labor, and services, was not bonded by the undertaking, which conditioned payment upon the recovery of a judgment in an action to enforce Italia's public improvement mechanic's lien (*see, Harley v Plant,* 210 NY 405; *Berger Mfg. Co. v City of New York,* 206 NY 24; *Audley Clarke Co. v Plass*

*& Bro.,* 187 App Div 904). As a result, Bat-Jac's motion to discharge the undertaking and the surety should have been granted. S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.