(109 App. Div. 495)

POPE v. HECKSCHER et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

MECHANICS' LIENS—TRANSFER OF PROPERTY—COMPLETION OF CONTRACT—LIABILITY OF PURCHASER.

Where a contract for the sale of land to defendant provided that the vendor should complete a building then in process of construction thereon, which was unfinished, according to the existing contracts, defendant thereby impliedly consented that the contractors proceed with their contract; and hence they were entitled to a lien for labor and materials furnished thereunder subsequent to defendant's purchase, as against him, under Lien Law, Laws 1897, p. 516, c. 418, § 3, providing that a contractor, etc., who performs labor or furnishes material for the improvement of real property with the consent or at the request of the owner thereof, or his agent, shall have a lien from the time of filing notice, etc.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Charles A. Pope against August Heckscher and others. From a judgment denying the relief demanded by defendant Freeman G. Goffe, he appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Charles P. Northrop, for appellant.
Charles Oakes, for respondent.

INGRAHAM, J. This action was brought to foreclose a mechanic's lien, and the appellant, Goffe, was made a party defendant as a subsequent lienor. He interposed an answer, demanding judgment for the foreclosure of his lien, which was served upon the defendant Heckscher as the owner of the property subject to the lien. The court at the trial dismissed the counterclaim set up in the answer and directed judgment in favor of the defendant Heckscher as against the defendant Goffe, and awarding the defendant Heckscher costs against Goffe; and from the judgment entered upon that decision the defendant Goffe appeals.

It seems that Perez M. Stewart was the owner of the premises in question, upon which he was engaged in constructing a dwelling house, and that on the 30th of September, 1902, he entered into a contract with a copartnership composed of the defendants Goffe and Schubert for the performance of certain work and labor and the furnishing of materials in the construction of the building then in course of erection upon the premises; that Goffe and Schubert entered into the performance of this contract, performing a part of the work under said agreement before the 26th day of January, 1903, and subsequently completed their contract; that Goffe and Schubert were paid for all work done prior to the 26th of January, 1903, and the lien that they filed was for work done and materials furnished between the 26th of January and the latter part of June, 1903, when their contract was completed; that this work was all done under the original contract made between Goffe and Schubert and Stewart on September 30, 1902; that on November 28, 1902, Stewart entered into a contract by which he agreed to convey the premises to the defendant Heckscher for $235,000, and subsequently on the 26th day of January, 1903, in pursuance of this contract, he delivered to the defendant Schubert a deed by which the premises were duly conveyed to said Heckscher pursuant to the contract of November 28, 1902, which deed was duly recorded on the same day. By the contract of November 28th the defendant Heckscher was to pay the sum of $25,000 in cash on the execution of the agreement, $120,000 in cash on the delivery of the deed, $15,000 in cash on the completion of the building upon the premises conveyed, $70,000 by conveying to Stewart a piece of land with the building thereon in Fifty-Sixth street, and $20,000 by executing and delivering to Stewart a mortgage upon the premises conveyed. The aggregate amount of these payments was $250,000, but it was agreed that the actual price paid was $235,000. This agreement also contained the following provision:

"The premises being incomplete and in course of construction, the same shall be completed in a thoroughly first-class workmanlike manner by the party of the first part [Stewart] at his own cost and expense within 60 days of the date of the delivery of the deed, subject, however, to uncontrollable delay, such work to be in conformity with the specifications and contracts made by the party of the first part with the various contractors, and in accordance with the memoranda attached and signed by the respective parties hereto. * * * It is understood that the premises are to be completed as per the blue prints drawn by the architect, John H. Duncan, and signed by the party of the first part, for the dining room. * * * The metal work to the vestibule and staircase to correspond with the metal work now being put in 12 East Fifty-Second street."

The court found that the defendants Goffe and Schubert knew of the conveyance to the defendant Heckscher on the 26th of January, 1903, and knew that Stewart was doing work in the construction of the said buildings during the period from January 26, 1903, to the latter part of the month of June, 1903, under an agreement with the defendant Heckscher for the completion of the said building; that the defendant Heckscher never requested the defendants Goffe and Schubert to perform any part of the work done by them, nor did the defendant Heckscher at any time consent to the performance of said work and labor or the delivery of materials by the said Goffe and Schubert, or either of them; that by an assignment in writing, dated the 24th day of December, 1904, the defendant Schubert duly assigned all his right, title, and interest in said agreement with the defendant Stewart for the performance of the work aforesaid to the defendant Goffe, and that the said defendant Goffe is the sole person entitled to claim under said agreement; that the defendants Goffe and Schubert, constituting the Schubert. Ornamental Iron Works, filed a notice of lien against the premises on the 18th of July, 1903, in the sum of $2,401.50, for work and labor performed and materials furnished by them in and about the construction of the building upon the said premises; that the said notice of lien was filed in the office of the clerk of the county of New York; and that the same has not been canceled or discharged. The court further found that after the execution of the contract of November 28, 1902, the defendant Stewart performed work and labor and furnished materials in and about the construction of the said building between the 26th of January, 1903, and the latter part of June, 1903, on account of the said contract between the defendant Stewart and the defendant Heckscher, and that in the latter part of June, 1903, the said Stewart wholly abandoned all work upon and the furnishing of materials for the construction of the said building, or any part thereof; that at the time the work was thus abandoned the building upon the said premises was in an incomplete and unfinished condition; that the defendant Stewart received from the defendant Heckscher during the period between January 26, 1903, to the latter part of June, 1903, advance payments, which were not then owing to him, amounting to $5,050.86; but that it did not appear that any sum whatever had been earned by the defendant Stewart, or was unpaid under the contract between himself and the defendant Heckscher of November 28, 1902, at the time of the filing of the notice of lien, or that any sum was subsequently earned thereon by the said Stewart, and that the defendants Goffe and Schubert performed all of the said work, labor, and services, and furnished all of said materials, as subcontractors under the defendant Stewart, after the 26th day of January, 1903, and that so far as appears the defendant Heckscher never requested the defendants Goffe and Schubert to perform any part of the work done by them; nor did the defendant Heckscher at any time consent to the performance of said work, labor, and services, or the delivery of materials, by Goffe or Schubert, or either of them. This decision is based upon the conclusion that after the 26th day of January, 1903, when Stewart conveyed to Heckscher the premises in question, Goffe and Schubert were subcontractors engaged in carrying out

Stewart's contract with Heckscher, and that to entitle Goffe and Schubert to file a lien upon the premises, or to enforce such a lien when filed, it must appear that there was something due to the principal contractor, Stewart, from Heckscher, the owner of the premises.

I am not prepared to adopt this view of the relation of the parties. The contract upon which the appellants Goffe and Schubert did their work for which they filed this lien was made with Stewart, not as a contractor to erect this building, but as the owner of the property upon which he was erecting the building. Goffe and Schubert thereby became principal contractors to do the work required by their contract, and proceeded to perform it. They were entitled under their contract to the consideration for the work, labor, and materials furnished, which the contract provided they should receive, and upon the performance of their contract they were entitled by law to a lien upon the premises upon which the work was done. They were bound to complete that contract, irrespective of any agreement that was made by their contractor with any other person. If, after the conveyance by Stewart to Heckscher of this property, Goffe and Schubert had refused to comply with the contract because Stewart had sold the property to Heckscher, they would have been liable to Stewart for a breach of the contract. No arrangement between Stewart and Heckscher could affect their rights and obligations to complete their contract and their right to enforce payment of the amount that was due to them by any of the remedies given to them by law. Assuming that they knew that Stewart had conveyed the premises to Heckscher and had agreed to complete the building thereon, there was nothing in this contract that released Goffe and Schubert from their obligation to complete their contract, or in any way change their relation with Stewart in relation to the property, and without their consent they could not be placed in the position of being subcontractor and waive the right which the law gave them of securing the payment of the amount due to them on the performance of the contract by obtaining a lien upon the premises upon which the work was done. Section 3 of the lien law (chapter 418, p. 516, of the Laws of 1897) declares:

"A contractor, subcontractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or material upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

Goffe and Schubert were contractors who performed labor and furnished materials for the improvement of this property. They did so under an express contract with the owner thereof. It is not disputed but that Goffe and Schubert would have been entitled to file a lien upon this property, had Stewart remained its owner. Stewart conveyed the property to Heckscher, and Heckscher thereupon became the owner. The building upon the property was then uncompleted, and Goffe and Schubert were engaged in the completion of a contract which was required to complete the building. Stewart made a contract with Heckscher, by which Stewart agreed to complete the building in conformity with the specifications and contracts made by Stewart with the former

contractors. Thus the completion of the building was with the consent and at the request of Heckscher, as evidenced by his contract with Stewart. The contractors who had been engaged in the completion of the building proceeded with their work under their several contracts. When Heckscher took title to the property and became its owner, and made an agreement with Stewart that he would complete the building according to the existing contracts, he in effect requested and consented that the contractors proceed with their contracts. The case is thus brought within the provisions of section 3 of the lien law, as the work was done and the materials furnished with the consent or at the request of Heckscher after he became the owner.

In considering this section of the lien law the Court of Appeals, in Rice v. Culver, 172 N. Y. 60, 64 N. E. 761, said:

"There is a marked distinction between the passive acquiescence of an owner in that he knows the improvements are being made, improvements which in many cases he has no right to prevent, and his actual and express consent or requirement that the improvement shall be made. It is the latter that constitutes the consent mentioned in the statute. To fall within that provision the owner must either be an affirmative factor in procuring the improvement to be made, or, having possession and control of the premises, assent to the improvement in the expectation that he will reap the benefit of it."

And then, after a consideration of the cases, the court said:

"In those cases the estate of the landlord was properly held liable, because not only did he require the improvement to be made, but the improvement inured to his benefit, either because it reverted to him at the expiration of the demised term or because his rent proceeded from its use."

In National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293, after discussing what act of the owner of the premises is sufficient to constitute a consent within this provision of the lien law, the court say:

"The facts from which the inference of consent is to be drawn must be such as to indicate at least a willingness on the part of the owner to have the improvement made or an acquiescence in the means adopted for that purpose, with the knowledge of the object for which they are employed."

My conclusion, therefore, is that this work was done by Goffe and Schubert under a contract made with the owner of the premises; that after Heckscher became the owner the contract made between Goffe and Schubert and Stewart as owner of the premises was completed by Goffe and Schubert, with the consent or at the request of Heckscher, who was the owner; and that under section 3 of the lien law Goffe and Schubert had the right to subject the premises to a lien for the balance of the work done by them.

It follows, therefore, that the judgment appealed from should be reversed, and a new trial as to Goffe and Schubert ordered, with costs to the appellants to abide the event.

O'BRIEN, P. J., and CLARKE and HOUGHTON, JJ., concur. PATTERSON, J., dissents.