JOHN F. WEINHEIMER, Respondent, v. ELIZABETH K. HUTZLER, Appellant, Impleaded with MURDOCK G. MANN and Another, Defendants, and ALBERT A. FISHER, Surviving Partner of MARTIN FISHER & SONS, Respondent. (Two actions.)

Fourth Department, March 9, 1932.

*Gibbons, Pottle & Pottle* [*Frank Gibbons* of counsel], for the appellant.

*Bagley, Wechter, McCormick & Irvin* [*Vincent T. Ray* of counsel], for the respondent Weinheimer.

*James E. Owens* [*Winton H. Church* of counsel], for the respondent Fisher.

PER CURIAM. We find no substantial error in the judgments appealed from except in respect to the provisions adjudging recovery for any deficiency remaining after sale. The evidence was sufficient to warrant an inference that the materials were furnished and the labor performed with the " consent " of the owner within the meaning of section 3 of the Lien Law. (*Pope* v. *Heckscher*, 109 App. Div. 495; affd., 190 N. Y. 508; *National Wall Paper Co.* v. *Sire*, 163 id. 131.) But personal liability is another matter. Evidence which warrants an inference of consent sufficient to give a lien is not necessarily sufficient to warrant an inference of an agreement, express or implied, to pay. (Compare *Schwartz & Co., Inc.*, v. *Aimwell Co., Inc.*, 204 App. Div. 769, 775; affd., 236 N. Y. 672.) There is no finding that Hutzler assumed any personal liability, nor is there any evidence upon which such a finding could rest.

Each judgment should be modified by striking out the provision

for the recovery of deficiency and as so modified affirmed, without costs.

All concur.  Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

Judgments modified by striking out the provisions for deficiency judgments and as so modified affirmed, without costs of this appeal to any party.  Conclusion of law No. IV modified in accordance with the opinion.