JOSEPH NOCE et al., as Copartners, under the Firm Name of NOCE BROS., Respondents, v. EPHRAIM J. KAUFMAN et al., Appellants, et al., Defendant.

Fourth Department, November 2, 1955.

*William MacFarlane* for Ephraim J. Kauffman (sued herein as Ephraim J. Kaufman), appellant.

*Joseph Feldman, Herbert M. Rosenberg, Irwin H. Rosenberg* and *Nathan H. Richman,* in person, for Nathan H. Richman (sued herein as Nathan R. Richmond) and another, appellants.

*Joseph R. Pilato* for respondents.

*Per Curiam.* The complaint in this case purports to state two causes of action. On the trial there was a complete failure of proof of the second cause of action, which we consider to have been abandoned. The first cause of action was primarily for the foreclosure of a mechanic's lien and related relief. The lien was never extended by order. While an action to foreclose was commenced within one year after the lien was filed, no *lis pendens* was filed within the same time. The lien, therefore, expired and was lost (Lien Law, § 17; *Danziger* v. *Simonson,* 116 N. Y. 329, 333; *Gray Marble & Slate Co.* v. *Schaefer,* 206 App. Div. 167; *White* v. *McLean & Sons,* 235 App. Div. 342; *National Lbr. Co.* v. *Braun & Son,* 237 App. Div. 426). The only other equitable relief prayed for in the complaint is to set aside a conveyance of the premises from the defendant Kaufman to the defendants Richman as fraudulent and void. There is no evidence to support that claim. Nor can the personal judgment against the Richmans be sustained. No such cause of action was pleaded or proved. Nathan Richman's knowledge that plaintiffs were performing labor and furnishing material would subject his interest in the premises to a lien, but does not establish any contractual obligation to pay for such labor and material (*Weinheimer* v. *Hutzler,* 234 App. Div. 566). The most that could be found would be that he made an oral and unenforcible promise to answer for the debt of Kaufman (Personal Property Law, § 31, subd. 2). The personal judgment against the latter was not demanded in the complaint and is considerably in excess of the amount stated therein to be justly due and owing. The testimony with reference to any amount claimed to be due is so contradictory, uncertain, and confusing that a determination of any such amount would be based on mere speculation. The complaint alleges that plaintiffs and Kaufman made a certain express contract. No such contract was proved. " A party bringing an action upon a contract must allege the contract relied upon. The office of pleadings is to limit proofs." (*Samson United Corp.* v. *Udylite Corp.,* 276 App. Div. 947.)

The judgment should be reversed and the complaint dismissed, without prejudice to the bringing of such further action against the defendant Kaufman as plaintiffs may be advised. The appeal from the order denying defendants' motion for a new trial should be dismissed as academic.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed as to all defendants, with costs, without prejudice to the bringing of such further action against the defendant Kaufman as plaintiffs may be advised. Appeal from order denying defendants' motion for a new trial dismissed as academic. Certain findings of fact disapproved and reversed and new findings made.