Samuel S. Tripp,
Special Referee. Decision filed in the office of the County Clerk.
In accordance therewith judgment is directed (1) dismissing on the merits all of Harso’s counterclaims and defenses, except the third and fourth counterclaims upon which it is entitled to offset the aggregate sum of $5,350.06 against the $52,801.66 found to be due to plaintiff; (2) dismissing the third-party complaint on the merits without costs; (3) declaring that plaintiff has a valid lien for the balance of $47,451.60, with interest from December 4, 1963 and the taxable costs and disbursements of this action for which (4) a personal judgment may be entered against ■Harso, the general contractor for the individual defendant owners of the property whose consent to the improvement merely subjected their interests therein to plaintiff’s lien without exposing them to personal liability because of their consent. (Schwartz & Co. v. Aimwell Co., 204 App. Div. 769, 775, affd. 236 N. Y. 672; Weinheimer v. Hutzler, 234 App. Div. 566, affd. 260 N. Y. 687; Noce v. Kaufman, 286 App. Div. 531, 532; and, see, Walkovszky v. Carlton, 18 N Y 2d 414,417.)
It is true that a discharge-of-mechanic’s lien bond for $55,500 was duly filed pursuant to orders of this court; that the individual defendants were the principals and Federal Insurance Company the surety thereof and that any “action brought, whether before or after the filing of the undertaking, although a suit ostensibly to foreclose the lien, in reality is, or becomes, an action to test the validity of the lien, had it not been discharged, *366 and if found valid, to procure a judgment upon the undertaking, rather than a judgment of foreclosure against the real estate.” (White Plains Sash & Door Co. v. Doyle, 262 N. Y. 16, 18-20; Morton v. Tucker, 145 N. Y. 244, 248-249.)
Nevertheless, no judgment upon the bond itself may presently be granted since the plaintiff’s complaint is solely to establish the validity of the lien and to foreclose it, and the surety was not joined as party defendant nor did it voluntarily appear in the action. Recourse to liability up to the amount of that bond, however, may be obtained in a separate action should the judgment to be entered against Harso remain unpaid, for 30 days after the service of a copy thereof with notice of entry, for which period a stay of execution is granted.