store, a sporting goods store or a small auto parts store (see *Novickis v State of New York,* 44 AD2d 508). Defendants did not attempt to assign an increment of value to this commercial potential or to introduce new commercial comparables, but merely employed this evidence as proof of a commercial highest and best use. Our appraisal rule should not be mechanically or rigidly applied to exclude all evidence not contained in the appraisal report, and any violation of the rule here was harmless (see *Matter of Barker's Stores v Board of Review of City of Auburn,* 74 AD2d 994, 995; *Mara v State of New York,* 38 AD2d 789; cf. *Matter of City of Rochester v Iman,* 51 AD2d 651). Similarly, the commissioners' consideration of previously excluded evidence of the subject's proximity to the loading dock of an adjoining supermarket was harmless error. No evidence was received of the value of the subject to the supermarket, and the mere proximity to and use by the supermarket were matters that could have been within the personal knowledge of the commissioners or observed during the compulsory viewing of the property. Since the commissioners' award is entitled to the benefit of every intendment *(Matter of Huie [Fletcher], supra,* p 171), and may not be set aside for technical errors in the admission or exclusion of evidence *(Adirondack Power & Light Corp. v Evans,* 226 App Div 490, 494). Special Term erred by rejecting the report. (Appeal from order of Monroe Supreme Court, Erwin, J. — condemnation). Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ LEROY WALKER, Doing Business as WALKER TRUCKING, Appellant, v FOUNDATION ELECTRICAL CONTRACTORS, INC., et al., Defendants, and BUFFALO ELECTRICAL CONSTRUCTION, INC., et al., Respondents. (Appeal No. 1.) — Order unanimously affirmed. Same memorandum as in *Walker v Buffalo Elec. Constr.* (83 AD2d 768). (Appeal from order of Cayuga Supreme Court, White, J. — dismiss complaint.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ LEROY WALKER, Doing Business as WALKER TRUCKING, Appellant, v FOUNDATION ELECTRICAL CONTRACTORS, INC., et al., Defendant, and BUFFALO ELECTRICAL CONSTRUCTION, INC., et al., Respondents. (Appeal No. 2.) — Order unanimously affirmed. Same memorandum as in *Walker v Buffalo Elec. Constr.* (83 AD2d 768). (Appeal from order of Cayuga Supreme Court, White, J. — summary judgment.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ LEROY WALKER, Doing Business as WALKER TRUCKING, Respondent, v BUFFALO ELECTRICAL CONSTRUCTION, INC., et al., Appellants. (Appeal No. 3.) — Order unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: Special Term erred in denying defendants' motion for summary judgment dismissing plaintiff's action to foreclose two public improvement liens in connection with a project for the Power Authority of the State of New York. It is undisputed that plaintiff had not preserved either lien by filing a notice of pendency or obtaining an order of continuance within six months of the filing of the notices of lien as prescribed by section 18 of the Lien Law. Failure to file a *lis pendens* or to obtain an order continuing the lien within the prescribed period is a fatal omission (Lien Law, § 21, subd 2, par [a]; see *Noce v Kaufman,* 2 NY2d 347, modfg 286 App Div 531; *White v McLean & Sons,* 235 App Div 342). Inasmuch as the lapses were final, there were no liens in effect to support the foreclosure action. Moreover, the prior dismissal of separate actions to foreclose the same liens was a bar to the new action. (Appeal from order of Cayuga Supreme Court, Contiguglia, J. — dismiss complaint.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.