■ Douglas Maze, Respondent, v Vincenzo Di Bartolo et al., Appellants, et al., Defendants. — In a negligence action to recover damages for personal injuries, etc., defendants Di Bartolo and Guardsman Lease Plan, Inc., appeal (1) from an order of the Supreme Court, Nassau County (Vitale, J.), entered January 26, 1983, which, *inter alia,* granted plaintiff's motion for a default judgment against these defendants, and (2) from an order of the same court (Velsor, J.), entered March 17, 1983, which denied their motion to vacate their default. Order entered March 17, 1983, reversed, on the law and the facts, without costs or disbursements, and motion by defendants Di Bartolo and Guardsman Lease Plan, Inc. to vacate their default in answering is granted on condition that said defendants' attorneys personally pay to plaintiff's attorneys the sum of $500. The time to comply with this condition and to serve the answer is extended until 15 days after service upon said defendants' attorneys of a copy of the order to be made hereon, with notice of entry. In the event that the condition is not complied with, order affirmed, with costs. Appeal from order entered January 26, 1983, dismissed, without costs or disbursements, in light of the determination on the appeal from the order entered March 17, 1983. In its order entered March 17, 1983, Special Term denied the motion to vacate the default of defendants Di Bartolo and Guardsman Lease Plan, Inc., on the grounds that the failure to answer the complaint was caused by law office failure and the motion was made on insufficient notice. Apparently, the court was of the view that the affidavit of merit submitted in support of the motion was adequate. Under *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life Assur. Soc.* (56 NY2d 900), law office failure did not constitute a valid excuse which would allow a default to be vacated. However, some three months after the order of March 17, 1983, chapter 318 of the Laws of 1983 became effective. That statute added a new section to the CPLR, section 2005, which allows the court to exercise its discretion "in the interests of justice to excuse delay or default resulting from law office failure". This provision is applicable to cases which are still pending. In view of the procedural history of this case, the relatively short delay, the lack of prejudice, and a possible meritorious defense, we exercise our discretion under chapter 318 of the Laws of 1983 to vacate the default and to allow defendants Di Bartolo and Guardsman Lease Plan, Inc., to serve their answer. We note that the record is inadequate for the purpose of determining whether the motion to vacate the default complied with the notice requirements of CPLR 2214 (subd [b]). In any event, any defect in service was waived by plaintiff's failure to raise this issue in his opposing papers (see *Todd v Gull Contr. Co.,* 22 AD2d 904). Finally, under the circumstances of this case, we consider it appropriate to condition the vacatur of the default with a sanction directed personally at the attorneys for the appealing defendants (see *Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407). Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.