■ SUNNY CONSTRUCTION, INC., Appellant, v NICK REVELLA, Defendant, and BURTON NEMETH, Respondent.—In an action to foreclose a mechanic's lien, the plaintiff appeals from so much of a judgment of the Supreme Court, Orange County (Green, J.), dated February 25, 1986, as, after a nonjury trial, is in favor of the respondent and against it, dismissing its complaint insofar as it is asserted against the respondent.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff failed to offer any evidence at trial to establish that a notice of pendency of this action had been filed within one year after the filing of the notice of lien. It is conceded on appeal that a notice of pendency was not timely filed. Accordingly, the trial court properly determined that the alleged lien had lapsed, and properly held that the action to foreclose on the lien should be dismissed *(see,* Lien Law § 17; *Noce v Kaufman,* 2 NY2d 347, *modfg* 286 App Div 531; *see also, Walker v Buffalo Elec. Constr.,* 83 AD2d 768, *affd* 55 NY2d 843).

Moreover, we see no reason to disturb the finding of the trial court that no contractual relationship existed between the plaintiff subcontractor and the respondent owner of the property in question. The only express contract entered into by the plaintiff was one with the codefendant general contractor. While the plaintiff offered a minimal degree of proof which tended to show that the respondent assented to pay for the equipment leased from the plaintiff so as to potentially render him liable to the plaintiff on a theory of quasi contract *(see, Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090), the trial court had no obligation to credit this testimony. Further, there was a complete failure of proof with respect to the fair rental value of the equipment owned by the plaintiff and allegedly used by the respondent's general contractor, and there was also conflicting proof as to whether that equipment was actually used in connection with the work done by the general contractor.

Thus, we find that the trial court properly concluded that the plaintiff failed to meet its burden of proof with respect to any contractual or quasi-contractual cause of action it may have had against the respondent. Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.