■ WARD-CARPENTER ENGINEERS, INC., Respondent, v DORIS L. SASSOWER, Appellant, et al., Defendants.—In an action to foreclose a mechanic's lien, the defendant Doris L. Sassower appeals (1) from an order and judgment (one paper) of the Supreme Court, Westchester County (Delaney, J.), dated September 23, 1988, which, upon granting the plaintiff's motion for summary judgment, awarded the plaintiff judgment against her in the principal sum of $7,200, and (2) as limited by her brief, from so much of an order of the same court dated February 21, 1989, as denied her motion for sanctions against the plaintiff.

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On or about May 9, 1984, the plaintiff, Ward-Carpenter Engineers, Inc. (hereinafter Ward) and the defendant Doris L. Sassower entered into a contract wherein Ward agreed to prepare various surveys, plans and a subdivision map to enable Sassower to subdivide her property at 283 Soundview Avenue in White Plains. This agreement called for payment in installments of $4,000, $4,000 and $3,200, respectively, upon completion of various stages of the work and was executed by Sassower in her individual capacity.

It is undisputed that Sassower made a single payment of $4,000. When Ward was unable to secure full payment, it filed a mechanic's lien and subsequently instituted this action. The plaintiff sought recovery of the full $11,200 under three theories; foreclosure on the lien, breach of contract, and account stated.

We find that the lien as well as the foreclosure action were invalid and hold that the judgment cannot be supported by a

theory of recovery through the lien. The record reveals discrepancies as to the date that the last services were performed and the last materials were furnished. Therefore, we conclude that Ward has failed to establish that the lien was properly filed within the four-month statutory period set forth under Lien Law § 10. Further, Ward failed to file a lis pendens within one year as required by Lien Law § 17 and a failure to file a lis pendens or obtain an order of continuance is a fatal omission (see, *Walker v Buffalo Elec. Constr.*, 83 AD2d 768). Having determined that the lien was a nullity, we need not address Sassower's remaining claims regarding the validity of the lien or the foreclosure proceeding.

However, our conclusion that the lien and subsequent foreclosure proceeding are void does not end our inquiry. As Ward sought recovery under a breach of contract theory as well as a theory of account stated, we must examine the proof to ascertain whether Ward may recover under either of these theories. The documentary proof contained within the record establishes that Ward performed the required work in a satisfactory manner. In this regard, it is noteworthy that Sassower utilized the documents created by Ward in an proceeding pursuant to CPLR article 78 wherein she challenged the necessity of posting a performance bond.

The granting by the Planning Board of the City of White Plains of final approval of the subdivision plans pending Sassower's satisfaction of several conditions constitutes further support for the proposition that Ward completed performance. As the contract did not require Ward to fulfill any of the conditions imposed by the Planning Board, we conclude that approval of the subdivision would have been granted if Sassower had met the conditions imposed by the Planning Board, and Ward cannot be faulted for Sassower's omissions. Ward fully performed its obligations under the contract, and it is undisputed that $7,200 was owing under the agreement together with 1% per month interest. Notwithstanding Sassower's protestations that triable issues of fact exist which preclude the granting of summary judgment, we find that the documentary evidence is sufficient to support the grant of summary judgment to Ward.

We do not find that sanctions against Ward are warranted. The sworn statement of Ward's president that he was unaware of the $4,000 payment by virtue of the failure of the plaintiff's bookkeeper to record the payment when it was made, and the subsequent death of the bookkeeper, leads to the conclusion that any misstatement in the amount owing in

the notice of lien was inadvertent. Further, we find that Ward was within its rights when it issued information subpoenas and restraining notices on two of Sassower's bank accounts to ensure satisfaction of its judgment, since Sassower failed to provide Ward with legally sufficient proof that she had obtained a bond to secure the judgment.

We have examined Sassower's remaining contentions and conclude that they are without merit. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.