■ L & M PLUMBING, INC., Respondent, v HARRIS A. DECKER et al., Appellants, WINDOW-TECH, INC., Respondent, et al., Defendants. [631 NYS2d 393] —In an action, *inter alia,* to foreclose a mechanic's lien, the defendants Harris Andrew Decker and Anna Spector Decker appeal from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered March 2, 1994, which denied their motion, in effect, to set aside an oral decision of the same court which, after a nonjury trial awarded damages to the plaintiff and the defendant Window-Tech, Inc., and (2) a judgment of the same court dated March 14, 1994, which is in favor of the plaintiff in the sum of $63,756 and the defendant Window-Tech, Inc. in the sum of $39,493.74, including punitive damages and attorney's fees.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying a motion to set aside a decision *(see, Behrens v Behrens,* 143 AD2d 617); and it is further,

Ordered that the judgment is reversed, on the law and the facts, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The Supreme Court erred in awarding judgment in favor of the plaintiff and the defendant Window-Tech, Inc. (hereinafter Window-Tech) since the plaintiff's mechanic's lien terminated by operation of law on May 9, 1993, three years after it was

extended by the plaintiff's filing of the notice of pendency, and the respondent Window-Tech failed to submit any evidence showing that it timely filed such a notice of pendency (see, Lien Law § 17; CPLR 6513; *Sunny Constr. v Revella,* 131 AD2d 560; *Modular Steel Sys. v Avlis Contr. Corp.,* 89 AD2d 891; *Spartan Concrete Corp. v Harbour Val. Homes,* 71 AD2d 950).

Moreover, neither the plaintiff nor Window-Tech has demonstrated that the defendants diverted and/or misappropriated trust assets in violation of Lien Law article 3-A (cf., *Caristo Constr. Corp. v Diners Fin. Corp.,* 21 NY2d 507; *South Carolina Steel Corp. v Miller,* 170 AD2d 592; *Schwadron v Freund,* 69 Misc 2d 342). Accordingly, there was no basis for awarding judgment in favor of the plaintiff and Window-Tech.

We have examined the plaintiff's remaining contentions in support of an affirmance and find them to be without merit.

In light of the foregoing determination, we need not address the appellants' remaining contentions. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.