■ AZTEC WINDOW & DOOR MFG., INC., Respondent, v 71 VILLAGE ROAD, LLC, et al., Appellants. [875 NYS2d 528]—

In an action, inter alia, to foreclose a mechanic's lien, the defendants appeal from an order of the Supreme Court, Kings County (Balter, J.), dated April 2, 2008, which denied their motion to discharge a mechanic's lien on the subject property and granted the plaintiff's cross motion for leave to file an untimely notice of pendency.

Ordered that the order is reversed, on the law, with costs, the cross motion for leave to file an untimely notice of pendency is denied, the motion to discharge the mechanic's lien is granted, and the mechanic's lien is discharged.

In 2006 the defendants, as owners/managers of real property in Brooklyn, entered into a contract with the plaintiff, inter alia, to supply and install windows and doors. When the plaintiff was unable to secure full payment from the defendants, it filed a mechanic's lien against their property, and subsequently instituted this action. After one year had elapsed, the defendants moved to discharge the then-expired mechanic's lien, and the plaintiff cross-moved for leave to file an untimely notice of pendency. The Supreme Court denied the motion and granted the cross motion. We reverse.

Pursuant to Lien Law § 17, a mechanic's lien expires one year after filing unless an extension is filed with the County Clerk or an action is commenced to foreclose the lien within that time and a notice of pendency is filed in connection therewith (*see MCK Bldg. Assoc. v St. Lawrence Univ.*, 5 AD3d 911, 912 [2004]). In the event neither of these conditions is accomplished within the statutory period, nor is a further extension of the lien obtained by order of the court, the lien automatically expires by operation of law, becoming a nullity and requiring its discharge (*see Matter of Cook v Carmen S. Pariso, Inc.*, 287 AD2d 208, 211 [2001]).

Applying these principles to the matter at bar, the Supreme Court erroneously granted the plaintiff's cross motion for leave to file an untimely notice of pendency after the expiration of the mechanic's lien pursuant to Lien Law § 17. Inasmuch as the plaintiff failed to file a notice of pendency or move to extend the time to do so within the one-year period, the mechanic's lien expired as a matter of law and should have been discharged (*see* Lien Law § 17; *A.C. Green Elec. Contrs. v SMG Constr.*, 279 AD2d 287 [2001]; *L & M Plumbing v Decker*, 219 AD2d 619, 619-620 [1995]; *Ward-Carpenter Engrs. v Sassower*, 163 AD2d 304 [1990]; *Modular Steel Sys. v Avlis Contr. Corp.*, 89 AD2d 891 [1982]). Fisher, J.P., Florio, Balkin and Belen, JJ., concur.