■ REN. REH. SYSTEMS CO., INC., Respondent, v JAMES B. FAULKNER et al., Defendants, and ALBERT SALAMONE et al., Appellants. [924 NYS2d 813]—

In an action, inter alia, to foreclose a mechanic's lien, the defendants Albert Salamone, Jennifer Salamone, and Wells Fargo Bank, N.A., appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered April 19, 2010, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them, to discharge the mechanic's lien filed December 28, 2007, and to vacate the notice of mechanic's lien and notice of pendency dated December 23, 2008, and granted the plaintiff's cross motion for leave to serve and file an amended notice of mechanic's lien.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants Albert Salamone, Jennifer Salamone, and Wells Fargo Bank, N.A., for summary judgment dismissing the complaint insofar as asserted against them, to discharge the mechanic's lien filed December 28, 2007, and to vacate the notice of mechanic's lien and notice of pendency dated December 23, 2008, is granted, the plaintiff's cross motion for leave to serve and file an amended notice of mechanic's lien is denied, and the action against the remaining defendants is severed.

The defendants Albert Salamone, Jennifer Salamone, and Wells Fargo Bank, N.A. (hereinafter collectively the appellants), established, prima facie, that the notice of mechanic's lien was not timely filed (see Lien Law § 10; *Aztec Window & Door Mfg., Inc. v 71 Vil. Rd., LLC*, 60 AD3d 795 [2009]; *Ward-Carpenter Engrs. v Sassower*, 163 AD2d 304 [1990]; see generally *72 Pyrgi v Gkam Corp.*, 293 AD2d 387 [2002]; *Melniker v Grae*, 82 AD2d 798, 798-799 [1981]; cf. *Nelson v Schrank*, 273 App Div 72 [1947]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, to discharge the mechanic's lien filed December 28, 2007, and to vacate the notice of mechanic's lien and notice of pendency dated December 23, 2008, and denied the plaintiff's cross motion for leave to serve and file an amended notice of mechanic's lien.

The parties' remaining contentions are without merit, or need not be reached in light of our determination. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.