Christopulos v Christopulos (2022 NY Slip Op 04712)

Christopulos v Christopulos

2022 NY Slip Op 04712

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-09305
 (Index No. 705015/14)

[*1]Gregory Christopulos, respondent,
v
Katherine Christopulos , etc., et al., defendants, Nicholas Spyreas, appellant.

Nicholas Spyreas, Greenwich, Connecticut, appellant pro se.
The Dweck Law Firm LLP, New York, NY (Jack S. Dweck and Christopher S. Fraser of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting and to cancel a notice of mechanic's lien, the defendant Nicholas Spyreas appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered July 16, 2019. The order granted the plaintiff's motion to discharge three mechanic's liens.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against his sister, Katherine Christopulos, her husband, Nicholas Spyreas, and another defendant inter alia, for an accounting, and to cancel a mechanic's lien which had been filed by Spyreas against certain real property (hereinafter the real property), which is held in a trust of which the plaintiff and his sister are beneficiaries. After the action was commenced, Spyreas filed two more mechanic's liens against the real property. The appeal is from an order which granted the plaintiff's motion to discharge the mechanic's liens. We affirm.
Pursuant to Lien Law § 17, a mechanic's lien expires one year after filing unless an extension is filed with the County Clerk or an action is commenced to foreclose the lien and a notice of pendency is filed within that time period (see Aztec Window & Door Mfg., Inc. v 71 Vil. Rd., LLC, 60 AD3d 795, 796). Here, since neither of those conditions was accomplished within one year after the mechanic's liens were filed, and no extensions of the mechanic's liens were obtained from the court, the mechanic's liens automatically expired by operation of law. The Supreme Court therefore properly granted the plaintiff's motion to discharge the mechanic's liens (see Matter of Cake Stylists v Town & County Plumbing & Heating Co., 197 AD2d 687).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court