Christopulos v Christopulos (2022 NY Slip Op 05017)

Christopulos v Christopulos

2022 NY Slip Op 05017

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2020-09166
 (Index No. 705015/14)

[*1]Gregory Christopulos, respondent, 
v
Katherine Christopulos, etc., et al., defendants, Nicholas Spyreas, appellant.

Nicholas Spyreas, Greenwich, Connecticut, appellant pro se.
The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck and Christopher S. Fraser of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting and to cancel a notice of mechanic's lien, the defendant Nicholas Spyreas appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 3, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to vacate a mechanic's lien, and directed a hearing on that branch of the plaintiff's motion which was to hold the defendant Nicholas Spyreas in contempt for violating an order of the same court entered September 30, 2019.
ORDERED that the appeal from so much of the order entered December 3, 2020, as directed a hearing on that branch of the plaintiff's motion which was to hold the defendant Nicholas Spyreas in contempt is dismissed, without costs or disbursements; and it is further,
ORDERED that the order entered December 3, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
This appeal is the latest the pro se defendant Nicholas Spyreas has taken from a paper in this action, inter alia, for an accounting and to cancel a notice of mechanic's lien Spyreas filed against certain real property held in a trust of which the plaintiff and the plaintiff's sister, the defendant Katherine Christopulos (hereinafter Katherine), are the beneficiaries. The parties' dispute boils down to the question of how to distribute proceeds from the eventual sale of the subject property. The trust provides that the property is to be sold as soon as practicable upon the grantor's death and that the proceeds are to be divided equally between the plaintiff and Katherine. Spyreas, however, claims that he or a company he solely owns and operates is entitled to more than $500,000 from the proceeds for improvements allegedly made to the property prior to the grantor's death. Spyreas thus filed a series of mechanic's liens encumbering the property both prior to and after the commencement of this action in 2014. The first four of these mechanic's liens have since been vacated (see Christopulos v Christopulos, _____ AD3d _____, 2022 NY Slip Op 04712; Christopulos v Christopulos, _____ AD3d _____ [Appellate Division Docket No. 2021-06093; decided herewith]). The fifth is the subject of this appeal.
In accordance with a 2018 order of the Supreme Court directing that the property be listed for sale within 60 days, the trust entered into a contract for the sale of the property and fixed a closing date in June 2019. On April 2, 2019, however, Spyreas filed the fourth of his mechanic's liens against the property without serving copies on either of the trust beneficiaries or notifying the court. Upon discovering the encumbrance, the buyer sought to cancel of the contract of sale. In an order entered September 30, 2019, the court granted the plaintiff's motion to discharge the April 2, 2019 mechanic's lien and prohibited Spyreas from filing any more mechanic's liens without prior leave of court. On August 18, 2020, however, Spyreas filed another mechanic's lien against the property without first obtaining permission.
The plaintiff thereafter moved, inter alia, to vacate the August 2020 mechanic's lien, and to hold Spyreas in contempt for violating the September 30, 2019 order. In an order entered December 3, 2020, the Supreme Court granted that branch of the plaintiff's motion which was to vacate the August 2020 mechanic's lien and directed a hearing on that branch of the plaintiff's motion which was to hold Spyreas in contempt. Spyreas appeals. We affirm insofar as reviewed.
The appeal from so much of the order as directed a hearing is dismissed since no appeal lies as of right from an order which merely directs a hearing to aid in the disposition of a motion, as it does not decide the motion, and does not affect a substantial right (see CPLR 5701[a][2][v]; Astrada v Archer, 71 AD3d 803, 804-805), and leave to appeal has not been granted.
Spyreas has not established entitlement to relief from so much of the order as granted that branch of the plaintiff's motion which was to vacate the mechanic's lien that he filed in direct contravention of the order entered September 30, 2019, directing him not to file any further mechanic's liens without leave of court (cf. DiSilvio v Romanelli, 150 AD3d 1078, 1080).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court