## Benfield Partners, Inc. v Home Record LLC

2024 NY Slip Op 30784(U)

March 12, 2024

Supreme Court, New York County

Docket Number: Index No. 157655/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-------------------------------------------------------------------------------X

BENFIELD PARTNERS, INC.,

                          Plaintiff,

                - v -

HOME RECORD LLC,NYJE, LLC

                      Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157655/2022 |
| **MOTION DATE** | 02/21/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77

were read on this motion to/for                     DISMISSAL                  .

Defendant Home Record's motion for dismissal of plaintiff's claim to foreclose the mechanic's lien is granted, and plaintiff's cross-motion for default judgment or, in the alternative, summary judgement is denied.

**Background**

**P**laintiff, a contractor, claims that it was hired by defendant Home Record in 2021 to perform renovations on a property located at 74 Bowery Street in Manhattan. Plaintiff asserts that Home Record agreed to pay plaintiff $319,743.78. for this work, but still owes approximately  $230,120.23.

On June 29, 2022, plaintiff filed a lien on the subject property, and then filed this action on September 8, 2022. According to defendant, a bond was issued on November 10, 2022. Since the beginning of the suit, the parties have carried out discovery and diligently pursued litigation.

Home Record now moves to dismiss the claim for foreclosure of the mechanic's lien.

Home Record contends that plaintiff failed to file a notice of pendency when it filed the

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**         **Page 1 of 7**
**Motion No.  004**

1 of 7

[* 1]

complaint, and the lien has expired. Additionally, Home Record argues that dismissal of plaintiff's claim to foreclose the lien will not prejudice plaintiff as the cause of action for breach of contract will remain.

In opposition, plaintiff cross-moves for a default judgment or, in the alternative, summary judgment and contends that Home Record never answered plaintiff's amended complaint that was filed in January 2023. Moreover, plaintiff argues that because a bond was issued on the lien, defendant's motion is moot. As an alternative, plaintiff requests summary judgment, alleging that Home Record has not produced any documentation that mitigates plaintiff's damages. Plaintiff includes an affidavit that indicates work was performed and payment is still due.

In reply, Home Record argues that the bond has expired y operation of law. Home Record contends there is no notice of pendency and the bond expired already. Therefore, the claim to foreclose the lien should be dismissed because there is no valid lien. Additionally, Home Record asserts that its failure to file an answer to the amended complaint was inadvertent and requests the opportunity to quickly file an amended answer. Furthermore, Home Record argues that plaintiff has failed to demonstrate that it should be granted summary judgment, as plaintiff has not proven that the amounts alleged are appropriate, or that a contract between the parties even existed.

Plaintiff did not upload any further responsive documents.

**Discussion**

*Defendant's Motion to Dismiss Claim to Foreclose Mechanic's Lien*

Lien Law § 17 provides:

No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action …is filed with the county clerk of the county in which the notice of lien is filed…The failure to file a

157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL
Motion No.  004

Page 2 of 7

notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien, and the action may be prosecuted to judgment against such person. . .Where a lien is discharged by deposit or by order, a notice of pendency of action shall not be filed.

"Pursuant to Lien Law § 17, a mechanic's lien expires one year after filing unless an extension is filed with the County Clerk or an action is commenced to foreclose the lien within that time and a notice of pendency is filed in connection therewith," (*Aztec Window & Door Mfg, Inc. v 71 Vil Rd, LLC*, 60 AD3d 795, 796, 875 NYS2d 528 [2nd Dept 2009]).

The motion to dismiss the claim for foreclosure of the mechanic's lien is granted. Plaintiff filed the lien in June 2022 which means that, unless extended, it would expire in June 2023. Plaintiff filed this complaint on September 8, 2022, but failed to file a notice of pendency, so the filing of the complaint did nothing to extend the lien. But Home Record filed a bond in November 2022, which extended the lien to November 2023. When that bond expired in November 2023, and there was no notice of pendency or other extension of the lien in place, the lien expired too.

As the lien expired, the cause of action for foreclosure of the lien is dismissed.

*Plaintiff's Cross-Motion for Default or for Summary Judgment*

Plaintiff's cross-motion for default judgment is denied. Pursuant to CPLR 2005, this Court may "exercise[] its discretion in the interests of justice to excuse delay or default resulting from law office failure." In exercising this discretion, a court will consider "the procedural history of [the] case. . . the lack of prejudice, and a possible meritorious defense" (*Maze v Di Bartolo*, 97 AD2d 815, 815, 468 NYS2d 688 [2nd Dept 1983]).

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**
**Motion No.  004**

**Page 3 of 7**

3 of 7

Defendant's attorney contends his office made a mistake and he failed to answer the amended complaint. Meanwhile, plaintiff seemed to have overlooked this failure, too, as the parties continued litigation and engaged in discovery (NYSCEF Doc. No. 73). Defendant offered numerous defenses to the complaint and even counterclaimed for willful exaggeration of the (now moot) lien.

In addition, plaintiff has claimed no prejudice, or shown a change in position, to warrant this Court denying defendant the opportunity to answer the amended complaint. Of course, plaintiff ignored the lack of an answer to the amended complaint for about year, until defendant moved to dismiss the foreclosure cause of action. This Court prefers to decide issues on the merits, and because there is nothing to indicate that should not be done here, defendant will be given time to answer the amended complaint.

As for summary judgment, to be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id*.). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to

157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL
Motion No.  004

Page 4 of 7

4 of 7

delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

Plaintiff's motion for summary judgment is denied. Plaintiff's moving papers alleged a contract existed between the parties but does not include one as an exhibit. Home Record argued that the work performed was unsatisfactory, and while both parties rely on affidavits, they contradict each other in material ways. Obviously, this Court cannot determine credibility on a motion. In opposition, Home Record raised triable issues of fact such as acceptance of an invoice for the account stated claim or proof that payment is owed for valid additional work performed, and, perhaps realizing there were material issues of fact, plaintiff failed to submit a reply.

**Summary**

In short, to keep a lien against a property, there must be a lien (renewed yearly), or a lawsuit with a notice of pendency (renewed less often). Bonding a lien discharges it but only so long as the bond is valid; it must be renewed before it expires. It is up to the plaintiff to make sure the lien stays on the property if it wants to support an action to foreclose the lien.

Here, the lien was discharged when the bond was filed but the bond expired without being renewed. And there was no motion to redocket the lien or to file the lis pendens. Therefore, there is nothing to support an action to foreclose the lien because there is no lien presently on the premises.

157655/2022    BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL
Motion No.  004

Page 5 of 7

However, all other claims remain in this action as Section 17 of the Lien Law provides that "the failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien."

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss the cause of action for foreclosure of the mechanic's lien is granted; and it is further

ORDERED that the plaintiff's cross-motion for a default judgment or, in the alternative, for summary judgment is denied and it is further

ORDERED that defendant must file an answer to plaintiff's amended complaint on or before March 21, 2024 (in the alternative, because parts of the complaint have been stricken, if the parties can agree, then this Court will so order a stipulation to allow the plaintiff to file a second amended complaint [without lien law claims] and allow the defendant to answer it).

Conference: April 11, 2024 at 10:00 a.m. By April 4, 2024, the parties are directed to upload 1) a discovery stipulation signed by all parties, 2) a stipulation of partial agreement about discovery and the parties' respective positions regarding the items to which they could or agree or 3) letters explaining why no discovery agreement could be reached at all. The Court will then assess whether a conference is necessary (i.e., if the parties submit a stipulation that is acceptable to the Court, then a conference may

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**
**Motion No.  004**

**Page 6 of 7**

6 of 7

[* 6]

not be required).  If nothing is submitting by April 4, 2024, the Court will adjourn the

conference.

<table>
<tr><td>**3/12/2024**<br>**DATE**</td><td colspan="2"></td><td colspan="2">**ARLENE P. BLUTH, J.S.C.**</td></tr>
<tr><td>**CHECK ONE:**</td><td>☐</td><td>CASE DISPOSED</td><td>X</td><td>NON-FINAL DISPOSITION</td></tr>
<tr><td></td><td>☐ GRANTED</td><td>☐ DENIED</td><td>X</td><td>GRANTED IN PART ☐ OTHER</td></tr>
<tr><td>**APPLICATION:**</td><td>☐</td><td>SETTLE ORDER</td><td>☐</td><td>SUBMIT ORDER</td></tr>
<tr><td>**CHECK IF APPROPRIATE:**</td><td>☐</td><td>INCLUDES TRANSFER/REASSIGN</td><td>☐</td><td>FIDUCIARY APPOINTMENT ☐ REFERENCE</td></tr>
</table>

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**
**Motion No.  004**

**Page 7 of 7**

7 of 7

[* 7]