Hewitt Bldr. & Renovations, Inc. v Tectonic Bldrs., Inc.

2026 NY Slip Op 02828

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Hewitt Builder and Renovations, Inc., appellant,

v

Tectonic Builders, Inc., defendant, Farmingville Associates Phase 1, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-01340, (Index No. 604010/22)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Law Offices of Dr. Dave R. Britton, P.C., White Plains, NY, for appellant.

Westermann Sheehy Samaan & Gillespie, LLP, East Meadow, NY (John A. LoNigro and David Westermann, Jr., of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated November 8, 2023. The order granted the motion of the defendants Farmingville Associates Phase 1, LLC, and Midwood Management Corp. pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.

ORDERED that the order is affirmed, with costs.

The defendants Farmingville Associates Phase 1, LLC (hereinafter Farmingville Associates), and Midwood Management Corp. (hereinafter together the defendants), the owners of certain real property located in Farmingville, entered into two agreements with a general contractor, the defendant Tectonic Builders, Inc. (hereinafter Tectonic), for a construction project on the property. The plaintiff then entered into a subcontract with Tectonic to perform certain construction work at the property. The plaintiff alleged that it fully performed under the subcontract but only received partial payment. On November 29, 2021, the plaintiff filed a mechanic's lien against the property.

In March 2022, the plaintiff commenced this action to foreclose the mechanic's lien. On December 21, 2022, Farmingville Associates obtained a surety bond discharging the lien filed by the plaintiff. In September 2023, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated November 8, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.

"Pursuant to Lien Law § 17, a mechanic's lien expires one year after filing unless an extension is filed with the County Clerk or an action is commenced to foreclose the lien and a notice of pendency is filed within that time period" (Christopulos v Christopulos, 207 AD3d 698, 698; see Aztec Window & Door Mfg., Inc. v 71 Vil. Rd., LLC, 60 AD3d 795, 796). Here, since it is undisputed that the plaintiff failed to file a notice of pendency or move to extend the time to do so within one year after the mechanic's lien was filed, and no extensions of the mechanic's lien were obtained from the court, the mechanic's lien automatically expired by operation of law one year after it was filed (see Lien Law § 17; Christopulos v Christopulos, 207 AD3d at 699; Aztec Window & [*2]Door Mfg., Inc. v 71 Vil. Rd., LLC, 60 AD3d at 796). Contrary to the plaintiff's contention, the bond obtained by the defendants did not permit the plaintiff to continue the foreclosure action against the bond rather than the property (see White Plains Sash & Door Co. v Doyle, 262 NY 16, 19-20), as the bond was obtained after the lien had automatically expired by operation of law.

Further, the complaint failed to state a cause of action to recover damages for breach of contract or quantum meruit against the defendants. The complaint alleged that the plaintiff entered into a contract with Tectonic, the general contractor for the project. The complaint failed to allege that the defendants entered into a contract with the plaintiff or that a relationship existed between the plaintiff and the defendants that caused reliance or inducement (see J.P. Plumbing Corp. v Born to Build Const. Corp., 137 AD3d 976, 977; Sears Ready Mix, Ltd. v Lighthouse Mar., Inc., 127 AD3d 845, 846).

Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.

The plaintiff's remaining contention is without merit.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court