## HURD et al. v. WING.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1904.)

1. AGREEMENT TO PAY DEBT OF ANOTHER—CONSIDERATION.

A conveyance by a wife, in which her husband joined, of property previously conveyed to her by her husband, is not a consideration moving from the husband, so as to support an agreement by the grantee to pay a debt of the husband.

2. APPLICATION OF PAYMENTS—PRESUMPTION.

Payments upon a total bill will be presumed, in the absence of proof of some contrary arrangement, to have been applied to the oldest items.

3. MECHANIC'S LIEN—MATERIALS FURNISHED HUSBAND—USE ON WIFE'S PROPERTY—KNOWLEDGE OF WIFE.

Evidence examined, and held sufficient to sustain a finding that a wife knew of the use of materials furnished her husband in the construction of buildings on land owned by her, so as to make them subject to a mechanic's lien.

4. AGREEMENT TO PAY DEBT OF ANOTHER—MATERIALS FURNISHED FOR BUILDINGS—CONVEYANCE OF PROPERTY TO PROMISOR—RIGHT TO FILE LIEN.

A materialman's right to file a lien against a wife's property for materials furnished her husband, and used in buildings thereon, is a liability of the wife, giving her an interest in having the indebtedness paid, so as to support an agreement by her grantee who received warranty deed, with a covenant against incumbrances, to pay the materialman's claim; and the latter may enforce the agreement against the grantee, though he did not file a lien, and the time for doing so has long since expired.

5. MECHANIC'S LIEN—EVIDENCE—USE OF MATERIALS.

Materialmen furnished a landowner lumber, which was used in the construction of certain buildings. During the period in which the supplies were furnished, the landowner conveyed the premises to his wife. They both afterwards conveyed to a grantee, who agreed to pay the materialmen's claim. In an action by the materialmen against such grantee, they alleged a sale and delivery to the husband. The answer admitted the grantee's liability on the contract, and that the lumber was furnished as claimed, and used in the construction of the buildings, and narrowed the real controversy to a question of the quantity used. Held, that plaintiffs might show, under the pleadings, that while the lumber, in the first instance, was sold and delivered on the engagement of the husband, nevertheless some of it was used in the construction of the buildings after the wife became the owner of the property.

---

¶ 2. See Payment, vol. 39, Cent. Dig. § 195.

Appeal from Special Term, Erie County.

Action by Harvey J. Hurd and another against George Wing. From a judgment for defendant, entered on the dismissal of plaintiffs' complaint on the merits, plaintiffs appeal. Reversed.

See 67 N. Y. Supp. 227; 78 N. Y. Supp. 574.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

J. W. Russell, for appellants.

Charles F. Tabor, for respondent.

HISCOCK, J. This action was brought by plaintiffs to recover from defendant an unpaid balance for lumber claimed by them to have been delivered to Edson B. Sawdy and Emma A. Sawdy. They base their right to recover upon an agreement between defendant and said Sawdys whereby it is alleged that defendant, for a good consideration, agreed to pay certain debts for which the Sawdys were liable, and which included the balance in question due to plaintiffs. The learned referee before whom the case was last tried dismissed plaintiffs' complaint upon the ground that in the case of Edson B. Sawdy no sufficient consideration moved from him to defendant to support the agreement, and that in the case of Emma A. Sawdy there was no such liability upon her part for the indebtedness due plaintiffs as would permit them to take advantage of the agreement made by defendant, within the principles laid down in the case of Lawrence v. Fox, 20 N. Y. 268, and other similar decisions. We think that this view was based upon error, and that the judgment must be reversed.

Although this case involves a small amount of money, and comparatively few and simple questions, it seems to be difficult to reach a result upon the trial thereof so sustained by the law and the facts that it can be affirmed upon review. The case has been three times tried, and this court has been compelled to reverse for error two judgments secured by plaintiffs upon such trials. Such prior appeals are reported, respectively, in 56 App. Div. 595, 67 N. Y. Supp. 227, and 76 App. Div. 506, 78 N. Y. Supp. 574. While we shall have occasion hereafter to refer to the opinion delivered upon the last appeal, it is not necessary to the consideration of the questions now presented that we should at length discuss the former opinions delivered by this court.

Prior to December, 1895, plaintiffs were lumber dealers in the city of Buffalo. In November of that year the defendant, Wing, and his wife, conveyed to Edson B. Sawdy the premises referred to in this litigation, and situate in Buffalo. January 13, 1896, said grantee executed a conveyance of the same premises to Emma A. Sawdy, who was his wife, and that conveyance was put on record the same day. Upon the original instance and request of Edson B. Sawdy, plaintiffs sold and delivered upon the premises in question, between December 9, 1895, and March 26, 1896, lumber of the value of $1,345.91. Upon the trial it was conceded that all of the lumber was used in the construction of two houses upon the premises, except certain specified items, which were estimated by various witnesses to be of various values, ranging, in the aggregate, from $32.27 to $285.32. Of the total amount, there

seems to be no dispute that lumber of the value of $705.87 was deliv-
ered, and, subject to the shortage above mentioned, went into the con-
struction of the houses, after the execution of the deed by Sawdy to
his wife.   By payments made from time to time by the defendant, the
total indebtedness for this lumber had been before May 6, 1896, reduced
to a balance of $320.91.   May 6, 1896, Mrs. Sawdy and her husband
executed a warranty deed of the property to the defendant, Wing; and,
in purported consideration thereof, and as part of said transaction the
latter executed back an agreement whereby, in substance, amongst oth-
er things, he agreed to "assume and pay all valid claims for labor and
material used by first parties [the Sawdys] for the construction of
houses and buildings thereon and to save and protect first parties harm-
less from each and all said claims or demands thereon."   Annexed was
"an approximate statement of the claims for labor and materials fur-
nished and   *   *   *   intended to be assumed by the second party"
(Wing), and which included the sum of $375 due to plaintiffs, and
which item, undisputedly, was intended to represent the same indebted-
ness sued for here.   It is upon this agreement that plaintiffs base their
action.

As already stated, the plaintiffs were defeated upon the trial upon
the ground that, so far as Edson B. Sawdy was concerned, the defend-
ant received no consideration for his agreement, and that, so far as
Emma A. Sawdy was concerned, she was not in any such manner liable
for, or legally interested in, the payment of the indebtedness, as would
enable plaintiffs to take advantage of defendant's contract with her.
We think this disposition was correct, so far as the husband was con-
cerned.   Apparently, he parted with all of his interest in this land by
his conveyance to his wife, and, at the time of the deed to defendant,
had no transferable interest which might serve as a consideration for
the purported agreement.   It is true that upon the trial plaintiffs' coun-
sel attempted to take a position inconsistent with his pleadings and
with the general trend of the evidence, by showing that prior to 1903
Mrs. Sawdy never knew of, accepted, or acted under the deed from her
husband.   This evidence was, however, ruled out.   It is in connection
with Mrs. Sawdy's relations to the indebtedness due to plaintiffs that
we think the referee fell into error.   Without attempting to decide
whether a trial court might have found, upon a question of fact, that
plaintiffs could have maintained an action against Mrs. Sawdy person-
ally for the balance due them when the deed to Wing was executed,
we think the evidence tended to establish that at said date they could
have filed a mechanic's lien for said balance against the property which
she was conveying, and that such right, in connection with the other
facts, furnished a sufficient basis for defendant's promise to pay, and
protect her from, said indebtedness.   The deed was executed May 6th.
The payments upon the total bill, in the absence of some contrary ar-
rangement, must be assumed to have been applied to the oldest items.
There was evidence that, within 90 days next preceding the date of de-
fendant's agreement, sufficient lumber had been delivered and put into
the houses to make up the balance claimed.   We think, further, that
certainly a trial court might find, as a matter of fact, that this lumber
was so put into the erection of these houses after Mrs. Sawdy took title

with her knowledge and consent that a mechanic's lien would lie against her property therein. It is true, as suggested by the learned referee, that there is no legal objection to a husband building upon his wife's land, if he so desires, and that she does not necessarily become liable to pay for such building. We think, however, that it would not be violent to assume, under ordinary circumstances, and in the absence of evidence indicating the contrary, that a wife, having the title to, and possession of, real estate upon which are being completed buildings in the process of erection at the time of the conveyance to her by her husband, is to be charged with knowledge of such construction, and that materials are being used for such purpose. In this case, however, evidence was either introduced or offered directly tending to show Mrs. Sawdy's knowledge of the fact that lumber furnished by plaintiffs was being used for her benefit in the completion of the houses in question. The very agreement upon which plaintiffs base this action, and to which she was a party, admits and recites, in substance, that there was a balance due plaintiffs of $375 for material used by her and her husband in the construction of houses and buildings upon the premises. The order upon defendant to pay plaintiffs, dated January 15, 1896, and marked "Exhibit 2," for identification, and which, in our judgment, was erroneously ruled out, was signed by Mrs. Sawdy, as well as her husband, and directed the payment of a certain sum "in consideration of lumber and building material furnished by Hurd Brothers to me for use in said building"—referring to the buildings in question. It seems to us, therefore, that it might have been found that, at the time of the conveyance to Wing, plaintiffs were entitled to file a mechanic's lien for the balance due them for materials. The conveyance to defendant was a warranty deed, and under it Mrs. Sawdy could have been called upon to protect and defend him against enforcement of such lien upon the property conveyed, and the agreement made by him to pay and discharge said claim was one of the proper methods to relieve her from the liability to which she otherwise might have been subjected upon her covenant of warranty. We think that her interest in having the indebtedness paid was of a degree and character sufficient to make defendant's agreement for the benefit of plaintiffs legal and binding, and gave them a right to enforce the same. Embler v. Hartford Steam Boiler Ins. Co., 158 N. Y. 431, 436, 53 N. E. 212, 44 L. R. A. 512.

It is suggested further in behalf of defendant that the time has long since elapsed within which plaintiffs might file a lien, and that they never did so file the same, and that this is an answer to plaintiffs' contention in this respect. We do not, however, regard this as a sound view. Defendant's agreement is to be viewed in the light of the circumstances as they existed at the time it was made, and to be decided by the interest which Mrs. Sawdy then had in the payment of plaintiffs' indebtedness. If she then was liable for or interested in its payment, within the rules governing this subject, plaintiffs are entitled to enforce the agreement made for their benefit. They have not lost such right because, either in reliance upon the agreement, or for some other cause, they have not resorted to the proceedings by mechanic's lien. Their right to recover rests upon the obligations existing from Mrs. Sawdy to them at the time she secured the agree-

ment from defendant to protect her against her obligations and liability.

We do not believe that the agreement made by defendant to protect her against this indebtedness, if valid at the time it was made, and for which, presumably, credit was given to defendant in the sale of the house, has been destroyed and canceled simply because the plaintiffs, for some reason not explained in the evidence, have refrained from filing their lien. If it were profitable so to do in the absence of evidence bearing upon the subject, it would be quite reasonable to conjecture that they have refrained from enforcing their lien for the very reason that this agreement was executed by the defendant to pay their indebtedness.

We think that the pleadings, as a whole, permit plaintiffs to urge the view of this case discussed. It is true that in their original complaint they alleged that "plaintiffs sold and delivered to said Edson B. Sawdy, upon the premises by them described, and at his special instance and request," certain goods, etc. This court, however, in its former decision, held that:

"While the complaint does not, in terms, allege that the materials furnished by the plaintiffs went into the construction of this building, yet, in conjunction with the contract, that is its plain meaning. This interpretation is further made clear by the defendant's answer, which alleges that by the contract referred to he became liable for whatever lumber and material sold to Sawdy by plaintiffs were used in the construction of said houses, and further admits the delivery of said lumber as alleged in the complaint, and the payment of $1,025 to them, but avers that such sum paid nearly, if not fully, for all the lumber so used. It is apparent, therefore, that the real controversy between the parties arises over the quantity of lumber used in said dwelling, of that delivered by the plaintiffs."

We think that it was not inconsistent with or outside of the pleadings, construing them as a whole, for plaintiffs to show that while the lumber, in the first instance, was sold and delivered upon the engagement of the husband, Sawdy, nevertheless some of it was so used in the construction of the houses after Mrs. Sawdy became the owner thereof that she had such an interest in the payment therefor as would furnish sufficient support for defendant's agreement to pay the unpaid balance.

In accordance with the views expressed, we think that the judgment must be reversed, and a new trial granted.

Judgment reversed, and new trial granted, with costs to appellants to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur; STOVER, J., in result.