NATHAN ROBBINS, as Trustee, Respondent, v. FRANCES GOLDSTEIN et al., Appellants, et al., Defendants.— Order of the Supreme Court, Kings County, dated November 26, 1968, modified, on the law and the facts, by striking therefrom the decretal provision which denied the motion to cancel the *lis pendens* and substituting therefor a provision granting said relief. As so modified, order affirmed, without costs. On August 1, 1968, appellants moved, *inter alia*, to cancel the *lis pendens* filed by plaintiff on July 30, 1965, on the ground that more than three years had elapsed since the filing thereof and no extension had been obtained. Special Term denied the motion in the exercise of its discretion. We are of the opinion that this was error. Under CPLR 6513 an unextended notice of pendency has a life span of three years. The section is self-executing and failure to obtain an extension results in the death of the notice (*Carvel-Dari Freeze Stores* v. *Lukon*, 219 N. Y. S. 2d 716). CPLR 6514, which provides for cancellation of a notice of pendency of action, contains no direct provision for canceling a notice which is more than three years old and has not been renewed. We are of the opinion that inherent in the language of CPLR 6514 is a *mandate* to the courts to direct the cancellation of a notice of pendency which is more than three years old and has not been extended. The granting of such a motion is not subject to the court's discretion and the court must cancel a notice of pendency where

it is established that the notice is more than three years old and has not been extended. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.