■ SPARTAN CONCRETE CORP., Respondent, v HARBOUR VALLEY HOMES, INC., et al., Appellants, et al., Defendants.—In an action, *inter alia,* to recover for labor and materials and to foreclose a mechanic's lien, defendants Harbour Valley Homes, Inc., Dollar Federal Savings & Loan Association, Leo Wolowitz and Dorothy Morrison appeal from an order of the Supreme Court, Suffolk County, dated December 18, 1978, which (1) granted plaintiff's motion for leave to serve and file an amended complaint and (2) denied a cross motion to dismiss the complaint. Order modified, on the law, by deleting therefrom the provision denying the cross motion and substituting therefor a provision granting said cross motion to the extent of dismissing the second cause of action of the amended complaint. As so modified, order affirmed, with one bill of $50 costs and disbursements payable jointly to the appellants appearing separately and filing separate briefs. Although otherwise in agreement with the determination at Special Term, it is our belief that the cross motion by defendants Harbour Valley Homes, Inc., Dollar Federal Savings & Loan Association and Leo Wolowitz should have been granted to the limited extent of ordering the dismissal of plaintiff's second cause of action (for foreclosure of the mechanic's lien and related relief). Section 17 of the Lien Law provides, *inter alia,* that "A lien, the duration of which has been extended by the filing of a notice of the pendency of an action * * * shall nevertheless terminate as a lien after such notice has been canceled as provided in section sixty-five hundred fourteen of the civil practice law and rules *or has ceased to be effective as constructive notice as provided in section sixty-five hundred thirteen of the civil practice law and rules"* (emphasis supplied). CPLR 6513 provides, in pertinent part, that, unless extended, "A notice of pendency shall be effective [as constructive notice] for a period of three years from the date of filing." Since the mechanic's lien in this case was extended by the filing of a notice of pendency on July 17, 1975, and since that notice of pendency was itself never extended, both it and the plaintiff's lien expired by operation of law on July 17, 1978 (see *Robbins v Goldstein,* 32 AD2d 1047, app dsmd 26 NY2d 749; Jensen, Mechanics' Liens [4th ed], § 292). Accordingly, dismissal of plaintiff's second cause of action, which seeks foreclosure of the expired

lien should have been granted.* The foregoing would not, however, affect the validity of plaintiff's first cause of action (which is grounded upon the underlying debt), as section 17 of the Lien Law also provides that "The failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien, and the action may be prosecuted to judgment against such person." By force of logic a similar rule should apply where, as here, the notice has expired during the pendency of the plaintiff's action. Turning briefly to plaintiff's third cause of action (which was asserted for the first time in the amended complaint), it is our belief that the third-party beneficiary claim asserted therein is sufficient as a matter of pleading, as it remains to be established whether the covenant between defendants Morrison and Wolowitz requiring the latter, *inter alia,* to secure the "complete discharge and release" of the plaintiff's and another lien encumbering the subject realty contemplated the discharge and release of said liens by "payment" or one of the other means authorized by the Lien Law (see, e.g., Lien Law, §§ 19, 20). If "payment" was contemplated then the plaintiff could qualify as a third-party beneficiary under their contract (see *Hurd v Wing,* 93 App Div 62; see, also, *Case v Case,* 203 NY 263, 266; *Durnherr v Rau,* 135 NY 219; 10 NY Jur, Contracts, § 239). Since the foregoing raises a factual issue which cannot be determined on the conflicting affidavits of opposing counsel, we believe that Special Term did not abuse its discretion in permitting the third-party beneficiary cause of action to be interposed (CPLR 3025). O'Connor, J. P., Lazer, Gulotta and Mangano, JJ., concur.

---

* Plaintiff's first and second causes of action are identically pleaded in both the original and the amended complaints. The latter differs only insofar as it pleads a third cause of action discussed *infra.*