■ MODULAR STEEL SYSTEMS, INC., Respondent, v AVLIS CONTRACTING CORP. et al., Defendants, and ELI B. FINE et al., Appellants. — In an action to foreclose a mechanic's lien, the appeal is from so much of an order of the Supreme Court, Rockland County (Ruskin, J.), dated June 10, 1981, as denied appellants' motion to cancel a notice of mechanic's lien dated May 22, 1973, and a notice of pendency filed November 7, 1973. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and appellants' motion is granted. On the court's own motion, the executors of the estates of Maurice Vassello and Abe N. Burack are substituted as defendants herein. On or about May 25, 1973, plaintiff filed a notice of mechanic's lien for $12,835, an amount allegedly due pursuant to a contract whereby plaintiff erected a steel frame for a building on premises owned by appellants. On or about November 7, 1973, plaintiff commenced this action to foreclose the mechanic's lien and simultaneously filed a notice of pendency, which extended the mechanic's lien for three years pursuant to CPLR 6513 (see Lien Law, § 17). There is no dispute that at the time of appellants' motion to cancel the notice of mechanic's lien and notice of pendency eight years had elapsed from the date plaintiff filed the notice of pendency, and that plaintiff never moved either ex parte or on notice within the three-year period required by CPLR 6513, to extend the notice of pendency. Special Term, in the exercise of discretion, denied appellants' motion to cancel the notices. We reverse. A court must cancel a notice of pendency where it is established that the notice is more than three years old and has not been extended (*Robbins v Goldstein,* 32 AD2d 1047, app dsmd 26 NY2d 749). Here, the mechanic's lien which was extended by the filing of a notice of pendency and commencement of the instant foreclosure action (see Lien Law, § 17), expired together with the notice of pendency because plaintiff failed to obtain an extension of the notice of pendency pursuant to CPLR 6513 (see *Spartan Concrete Corp. v Harbour Val. Homes,* 71 AD2d 950). Since the mechanic's lien and the notice of pendency expired by operation of law, no motion to cancel was necessary. Nevertheless, a party is entitled to make a motion in order to remove such notices from the record. Plaintiff argued that it was excused from complying with CPLR 6513 because the parties executed a stipulation in which it was agreed that the filing of an undertaking by defendants would discharge the lien and notice of pendency. The argument has no merit and an order should be entered canceling the notice of mechanic's lien

and the notice of pendency. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.