■ ROBERT PRAVER, Respondent, v REMSEN ASSOCIATES et al., Appellants.—In an action for the specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Nassau County (O'-Shaughnessy, J.), dated June 11, 1990, which, *inter alia,* denied that branch of their motion which was for mandatory cancellation of a notice of pendency filed on December 29, 1986, and an award of costs and expenses pursuant to CPLR 6514 (c).

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' motion which was for mandatory cancellation of the notice of pendency pursuant to CPLR 6514 (a) and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.

On February 12, 1990, the defendants moved pursuant to CPLR 6514 (a) and (b) to cancel a notice of pendency filed by the plaintiff, Robert Praver, on December 29, 1986, and for costs and expenses pursuant to CPLR 6514 (c). The Supreme Court denied the motion.

We agree with the defendants' contention on appeal that the court erred in denying their application for mandatory cancellation pursuant to CPLR 6514 (a). There is no dispute that at the time of the motion the notice of pendency was more than three years old and had not been extended. Although under CPLR 6513 a notice of pendency which has not been extended expires by operation of law *(see, Carvel-Dari Freeze Stores v Lukon,* 219 NYS2d 716), "[a] court must cancel a notice of pendency where it is established that the notice is more than three years old and has not been extended" *(Modular Steel Sys. v Avlis Contr. Corp.,* 89 AD2d 891; *see, Robbins v Goldstein,* 32 AD2d 1047).

Notwithstanding this determination we find that under the circumstances of this case an award of costs and expenses pursuant to CPLR 6514 (c) is inappropriate.

We have considered the defendants' remaining contentions and find them to be without merit. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.