■ BERT WASSERMAN et al., Appellants-Respondents, v JOAN HARRIMAN, Respondent-Appellant, et al., Defendants. [651 NYS2d 620] —In an action to foreclose a mortgage, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated May 3, 1995, as (1) denied their motion which was (a) for summary judgment against the defendant Joan Harriman, (b) to ratify the appointment of the Referee, and (c) to ratify his computation of the amount due them, and (2) granted those branches of the cross motion of the defendant Joan Harriman which were (a) to cancel a notice of pendency filed December 7, 1994, and (b) for leave to serve an amended answer. The defendant Joan Harriman cross-appeals, as limited by her notice of cross appeal, from so much of the same order as denied her cross motion for summary judgment dismissing the complaint and discharging the mortgage.

Ordered that the order is reversed, insofar as appealed from, on the law, the plaintiffs' motion is granted, those branches of the motion of Joan Harriman which were for leave to amend her answer and to cancel the notice of pendency filed December

7, 1994, are denied, the appointment of the Referee and the Referee's computation dated April 22, 1991, are ratified, and the notice of pendency filed December 7, 1994, is reinstated; and it is further,

Ordered that the order is affirmed, insofar as cross-appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

On October 11, 1988, the defendant Joan Harriman executed a promissory note and a mortgage on real property in favor of the defendant Dupont Equity (hereinafter Dupont), the original mortgagee. Dupont subsequently assigned the mortgage to the plaintiffs, Bert Wasserman and Jerome Rosenberg Pension Plan. By its terms, the mortgage could only be modified by agreement in writing signed by Harriman and Dupont. Harriman defaulted on the promissory note and mortgage in January 1990. The plaintiffs commenced this action to foreclose the mortgage and upon the default of Harriman in answering moved for summary judgment and the appointment of a Referee to compute the amount due. The Supreme Court appointed a Referee to, *inter alia,* ascertain and compute the amounts due to the plaintiffs under the promissory note and mortgage, and thereafter confirmed the report of the Referee, entered a judgment foreclosing the mortgage, and ordered the sale of the subject property. By order dated December 20, 1991, the Supreme Court, Suffolk County (Werner, J.), vacated the default judgment and ordered Harriman to serve her answer. After service of Harriman's answer, the plaintiffs moved, *inter alia,* for summary judgment and to ratify the appointment of the Referee and confirm his report.

The plaintiffs established their prima facie entitlement to foreclosure as a matter of law by submitting evidence of the execution of the promissory note and mortgage and Harriman's failure to make payment in accordance with its terms (*see, FGH Realty Credit Corp. v VRD Realty Corp.,* 231 AD2d 489; *Great W. Bank v Terio,* 200 AD2d 607). Although Harriman contends that the plaintiffs should be estopped from foreclosing the mortgage based on an alleged oral agreement to reduce the interest rate on the debt, there is a mortgage provision barring oral modifications (*see,* General Obligations Law § 15-301 [1]).

In addition, Harriman's claims of usury are without merit. Inasmuch as the subject mortgage loan qualifies as a "federally related mortgage loan" the State usury laws do not apply (*Mercury Capital Corp. v McGeean,* 205 AD2d 596, citing 12 USC §§ 1735f-7 [a], 1735f-5 [b]; Banking Law § 14-a [7]). Because

Harriman failed to raise a triable issue of fact, the plaintiffs motion for summary judgment should have been granted (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *FGH Realty Credit Corp. v VRD Realty Corp., supra; Carrowkeel Inv. Co. v Breed,* 203 AD2d 506, 507).

In an action to foreclose a mortgage on real property, a new notice of pendency may be filed despite cancellation of a previous one because the filing of such notice is a condition precedent to judgment and not merely an added privilege for the litigant (*see, Pacific Lime v Lowenberg Corp.,* 77 AD2d 737; *Isaias v Fischoff,* 37 AD2d 934; *Robbins v Goldstein,* 36 AD2d 730; 1 Bergman, New York Mortgage Foreclosures, Notice of Pendency, § 15.05 [2]; *see also, Slutsky v Blooming Grove Inn,* 147 AD2d 208). Accordingly, the branch of Harriman's motion which was to cancel the second notice of pendency filed by the plaintiffs on December 7, 1994, should have been denied.

Harriman's remaining contentions are without merit. Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.