■ DEVON S. CAMPBELL, as Administrator C.T.A. of the Estate of SYBERT CAMPBELL, Deceased, Respondent, v MINTA SMITH, Individually and as Administrator of the Estate of HUGH SMITH, Deceased, et al., Appellants. [768 NYS2d 182] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered February 1, 2001, which granted plaintiff's motion for summary judgment in this foreclosure action, and denied defendant's cross motion for summary judgment and to cancel the notice of pendency filed on November 18, 1999, and referred the action to a referee to ascertain and compute the amount due plaintiff, unanimously affirmed, without costs.

Plaintiff Devon Campbell, the administrator of Sybert Campbell's estate, brought this action to foreclose on a $110,000 wraparound mortgage executed by Minta and Hugh Smith to Sybert Campbell for the purchase of a residential building at 756 South Oak Drive, Bronx, New York. In July 1996, plaintiff filed a notice of pendency against the property and commenced a foreclosure action against Minta Smith, alleging that she owed $101,640.57 plus interest since September 13, 1990. This action did not proceed to judgment.

In November 1999, after the 1996 notice of pendency had expired, plaintiff filed a second notice of pendency regarding the same property. He instituted a complaint seeking to collect on the alleged debt, averring, in paragraph 15 of the complaint, that there were no pending proceedings at law or otherwise to collect or enforce the note and mortgage, and that there was no other action pending which had been brought to recover the mortgage debt or any part thereof.

On April 26, 2000, plaintiff moved for summary judgment and for an order appointing a referee to determine the amount due on the mortgage. Defendant Minta Smith cross-moved for summary judgment and to cancel the notice of pendency, arguing, in pertinent part, that plaintiff's 1996 action constituted a prior action pending for the same relief. The IAS Court granted plaintiff's motion and denied Minta's cross motion. We affirm.

The unique facts presented exempt this case from the rule articulated in *Matter of Sakow* (97 NY2d 436 [2002]). In *Sakow*, the Court of Appeals prohibited a plaintiff from filing a notice of pendency after a previous one concerning the same cause of action had expired. Recognizing that CPLR article 65 has created a privilege whereby a party who files a notice of pendency can effectively restrain the alienability of property, the Court of Appeals required exacting compliance with the three-year statutory time limit for requesting an extension, upon a showing of good cause therefor (*id.* at 442).

By contrast to *Sakow*, here the recorded mortgage itself gives notice of an encumbrance on the property, and the concerns regarding the notice of pendency restricting the alienability of the property are eliminated. Further, pursuant to RPAPL article 13, plaintiff was required to file a notice of pendency at least 20 days before the entry of final judgment. The notice of pendency thus alerts the public that the mortgage will be merged into the judgment of foreclosure. Because compliance with the required filing is a prerequisite to a cause of action under RPAPL article 13, plaintiff may file a successive notice of pendency for the specific purpose of prosecuting this mortgage foreclosure action to final judgment (*see Wasserman v Harriman*, 234 AD2d 596 [1996], *appeal dismissed* 89 NY2d 1086 [1997]; *Slutsky v Blooming Grove Inn*, 147 AD2d 208, 213 [1989]).

Reargument granted and, upon reargument, the decision and order of this Court entered herein on September 12, 2002 (297 AD2d 502) is hereby recalled and vacated. Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.