■ Harry Horowitz, Respondent, v Clarence Griggs et al., Appellants, et al., Defendant. [767 NYS2d 860]—

In an action to foreclose a mortgage, the defendant Ruth Griggs appeals and the defendant Clarence Griggs purportedly appeals, as limited by the brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated November 21, 2002, as denied the motion of Ruth Griggs and purportedly of Clarence Griggs to dismiss the complaint pursuant to 22 NYCRR 202.27 and to cancel the notice of pendency filed on their property and granted that branch of the plaintiff's cross motion which was to restore the case to the trial calendar.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to cancel the notice of pendency and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, so much of the order as purports to afford relief with respect to Clarence Griggs is vacated, and the matter is remitted to the Supreme Court, Kings County, to take any necessary corrective action based upon the death of Clarence Griggs.

In 1991 the plaintiff commenced this foreclosure action against, among others, Clarence Griggs and Ruth Griggs (hereinafter the defendant) and filed a notice of pendency against the defendant's property. That notice of pendency expired, and, in 1996, the plaintiff filed a second notice of pendency against the property. Following a status conference in 1998, at which none of the parties appeared, the action was dormant until 2002, when the defendant moved, inter alia, to cancel the notice of pendency.

A notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods upon a showing of good cause (*see* CPLR 6513). The extension must be requested before the notice expires, and a notice of pendency that has expired without extension is a nullity (*see* *Matter of Sakow,* 97 NY2d 436 [2002]; *Robbins v Goldstein,* 32 AD2d 1047 [1969]; CPLR 6513).

It is undisputed that the plaintiff failed to move for an extension before the second notice of pendency expired. Since "a lapsed notice of pendency may not be revived" (*Matter of Sakow, supra* at 442), the Supreme Court erred in denying that branch of the defendant's motion which was to cancel the notice of pendency (*see* *Praver v Remsen Assoc.,* 181 AD2d 723 [1992];

*Modular Steel Sys. v Avlis Contr. Corp.,* 89 AD2d 891 [1982]; *Robbins v Goldstein, supra*).

The defendant contends that the plaintiff is precluded from filing a new notice of pendency, and, because the filing of a notice of pendency is a condition precedent to judgment in a mortgage foreclosure action (*see* RPAPL 1331), the complaint must be dismissed. The defendant relies on *Matter of Sakow (supra)*, in which notices of pendency were filed pursuant to CPLR article 65 in connection with a proceeding for an accounting in Surrogate's Court. In view of the ease with which this provisional remedy may be obtained and its effect on the alienability of real property, the court held that an expired or cancelled notice of pendency may not be refiled on the same cause of action.

We conclude, as has the Appellate Division, First Department (*see Campbell v Smith,* 309 AD2d 581 [2003]), that the rule articulated in *Matter of Sakow* does not apply in a mortgage foreclosure action. In such an action, the filing of a notice of pendency is not merely "an added special privilege" granted the plaintiff by CPLR 6501, rather, it is a statutory prerequisite essential to the cause of action (*Robbins v Goldstein,* 36 AD2d 730, 731 [1971]). Moreover, because "the recorded mortgage itself gives notice of an encumbrance on the property . . . concerns regarding the notice of pendency restricting the alienability of the property are eliminated" (*Campbell v Smith, supra* at 582). The decision in *Matter of Sakow,* therefore, does not alter our longstanding rule that a new notice of pendency may be filed in a mortgage foreclosure action despite the cancellation of a previous notice (*see Wasserman v Harriman,* 234 AD2d 596 [1996]; *Slutsky v Blooming Grove Inn,* 147 AD2d 208 [1989]; *Robbins v Goldstein, 36 AD2d 730, supra*).

We note that the defendant Clarence Griggs died before the submission of the motion and cross motion which are the subject of this appeal. His death terminated his attorney's authority to act, the order dated November 21, 2002, is a nullity as to him, and the former attorney for the deceased had no authority to prosecute an appeal on his behalf (*see Meehan v Washington,* 242 AD2d 286 [1997]). Accordingly, we vacate so much of the order as purports to afford relief with respect to Clarence Griggs.

The defendant's remaining contentions are without merit. Ritter, J.P., Goldstein, Townes and Mastro, JJ., concur.