MCK Building Associates, Inc., Respondent, v St. Lawrence University, Appellant, et al., Defendants. [773 NYS2d 475]—

Mercure, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered April 4, 2003 in St. Lawrence County, which, inter alia, granted plaintiff's motion to extend the duration of the notice of pendency nunc pro tunc.

Defendant Gilbane Building Company, the construction manager on a project to improve two buildings on the campus of defendant St. Lawrence University (hereinafter defendant), hired plaintiff as a subcontractor to complete work on the buildings. Claiming nonpayment of labor and materials expenses, plaintiff filed a mechanic's lien on the renovated buildings. On September 29, 1999, plaintiff commenced this action seeking, among other things, recovery in quantum meruit and to fore-

close on the mechanic's lien.* In addition to a summons and complaint, plaintiff filed a notice of pendency against the property. Plaintiff concedes that the notice of pendency expired on September 29, 2002, and that it failed to apply for an extension due to law office failure.

In February 2003, plaintiff moved for an order extending the notice of pendency nunc pro tunc from September 29, 2002 until September 29, 2005. Defendant cross-moved to dismiss plaintiff's foreclosure claim. Ruling that the time limits contained in CPLR 6513 do not apply to the "uniqueness of a foreclosure scenario," Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant appeals and we now reverse.

Pursuant to Lien Law § 17, a mechanic's lien expires one year after filing unless it is extended by court order or an action to foreclose the lien is commenced within that time and a notice of pendency is filed in connection therewith. As relevant here, section 17 further provides that "[a] lien, the duration of which has been extended by the filing of a notice of the pendency of an action . . . , shall nevertheless terminate as a lien after such notice has . . . ceased to be effective as constructive notice as provided in [CPLR 6513]" (Lien Law § 17). We note that the rule contained in CPLR 6513—that a notice of pendency shall be effective for a period of three years and an extension must be requested before the expiration of the three-year period—is "exacting" and "a 'notice of pendency that has expired without extension is a nullity' " (*Matter of Sakow*, 97 NY2d 436, 442 [2002], quoting 13 Weinstein-Korn-Miller, NY Civ Prac ¶ 6513.04). Here, as explained above, plaintiff failed to move to extend the notice of pendency within the three-year period required by CPLR 6513. Accordingly, the mechanic's lien expired as a matter of law and plaintiff can no longer maintain a cause of action for foreclosure (*see Green Elec. Contrs. v SMG Constr.*, 279 AD2d 287, 287 [ 2001] [holding that, by operation of Lien Law § 17 and CPLR article 65, a plaintiff's mechanic's liens terminate when a notice of pendency filed in connection with an action to foreclose on the liens expires after three years without an extension of the notice having been obtained]; *L & M Plumbing v Decker*, 219 AD2d 619, 619-620 [2d Dept 1995], *lv denied* 87 NY2d 806 [1996] [same]; *Modular Steel Sys. v Avlis Contr. Corp.*, 89 AD2d 891, 891 [2d Dept 1982] [same]; *see also Belt Painting Corp. v Nezelek, Inc.*, 90 AD2d 188, 189 [3d Dept 1982],

* On a prior appeal, this Court affirmed a grant of partial summary judgment to plaintiff on its claim for recovery in quantum meruit (301 AD2d 726 [2003], *lv dismissed* 99 NY2d 651 [2003]).

*lv denied* 60 NY2d 558 [1983] [noting that while a private mechanic's lien ceases to be effective when a notice of pendency expires pursuant to CPLR article 65, the time limits in CPLR 6513 do not apply to notices of pendency on public improvement liens]).

The cases relied upon by plaintiff in asserting that Supreme Court had the power under CPLR 2004 to extend the notice of pendency are not to the contrary. In those cases, the Appellate Division, First and Second Departments, held that while expiration of a notice of pendency "precludes future refiling for the purposes of CPLR article 65, successive notices may be filed for purposes of prosecuting to final judgment a [mortgage] foreclosure action" (*Slutsky v Blooming Grove Inn*, 147 AD2d 208, 212-214 [2d Dept 1989]; *see Campbell v Smith*, 309 AD2d 581, 582 [1st Dept 2003]; *Robbins v Goldstein*, 36 AD2d 730, 731 [2d Dept 1971], *lv dismissed* 28 NY2d 924 [1971]; *see also Horowitz v Griggs*, 2 AD3d 404, 405 [2d Dept 2003]). The Courts in those cases reasoned that a notice of pendency is a statutory prerequisite to the entry of a final judgment in a mortgage foreclosure action, rather than a mere added special privilege as in certain other types of actions (*see* RPAPL 1331; *Horowitz v Griggs, supra* at 405; *Campbell v Smith, supra* at 582; *Slutsky v Blooming Grove Inn, supra* at 212-213; *Robbins v Goldstein, supra* at 731). Plaintiff asserts that because Lien Law § 43 states that the provisions of the RPAPL relating to mortgage foreclosure actions apply to actions to enforce mechanic's liens, the notice of pendency is also a statutory prerequisite to obtaining a final judgment in this action and successive notices must be permitted.

This argument fails, however, because Lien Law § 43 makes the RPAPL applicable to actions to foreclose on mechanic's liens "except as otherwise provided in" Lien Law article three. Lien Law § 40 states that the provisions of article three are to be "construed in connection with article two of this chapter," which includes Lien Law § 17. As noted above, Lien Law § 17 dictates that a mechanic's lien and the notice of pendency that extends it expire if the plaintiff fails to obtain an extension of the notice pursuant to CPLR 6513. Accordingly, to the extent that the cases cited by plaintiff establish that an exception to the mandatory language of CPLR 6513 exists in mortgage foreclosure actions, those cases are distinguishable inasmuch as Lien Law § 17 expressly provides that CPLR article 65 applies to notices of pendency filed in connection with actions to enforce a mechanic's lien. Although we suggested in *Gallo Bros. Constr. v Peccolo* (281 AD2d 811, 813 [2001]) that an extension of an

expired notice of pendency could be obtained pursuant to CPLR 2004 in a mechanic's lien foreclosure action, the subsequent holding of the Court of Appeals in *Matter of Sakow* (*supra*) compels us to now conclude that, when a notice expires, it cannot be renewed and no new notice can be filed.

We note that our holding does not leave plaintiff without a remedy. Insofar as the complaint can be construed as asserting causes of action in addition to mechanic's lien foreclosure—such as recovery in quantum meruit (*see* 301 AD2d 726 [2003], *lv dismissed* 99 NY2d 651 [2003])—those causes of action are not defeated by expiration of the notice of pendency (*see Heilbron, Inc. v Gross*, 91 AD2d 603, 603 [2d Dept 1982]; *Spartan Concrete Corp. v Harbour Val. Homes*, 71 AD2d 950, 951 [2d Dept 1979]).

We have considered the parties' remaining arguments and conclude that they are without merit.

Crew III, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiff's motion to extend the duration of the notice of pendency nunc pro tunc denied, defendant St. Lawrence University's cross motion granted, and the fifth cause of action against said defendant for lien foreclosure dismissed.