■ BANKERS TRUST COMPANY OF CALIFORNIA, N.A., Appellant, v SHELLEY LIFSON et al., Defendants, and STUART LIFSON, Respondent. [776 NYS2d 288]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated January 9, 2003, which denied its motion for a judgment of foreclosure and sale.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Contrary to the respondent's contentions, the Supreme Court erroneously determined that the notice of pendency in a foreclosure action could not be refiled after it expired. The Court of Appeals decision in *Matter of Sakow* (97 NY2d 436 [2002]) does not alter our long-standing rule that a new notice of pendency may be filed in a mortgage foreclosure action despite the cancellation or expiration of a previous notice (*see Horowitz v Griggs,* 2 AD3d 404 [2003]; *Campbell v Smith,* 309 AD2d 581 [2003]; *Wasserman v Harriman,* 234 AD2d 596, 598 [1996]; *Slutsky v Blooming Grove Inn,* 147 AD2d 208, 212-213 [1989]; *Robbins v Goldstein,* 36 AD2d 730, 731 [1971]). Accordingly, the Supreme Court improperly denied the plaintiff's motion for a judgment of foreclosure and sale on the basis that the notice of pendency was a nullity.

However, it cannot be determined on this record whether the plaintiff either extended the notice of pendency filed on November 28, 2000, or timely filed a new notice of pendency such that it currently would be in compliance with the notice of pendency prerequisite to obtaining a judgment in this action (*see* RPAPL 1331). Thus, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings to determine whether the plaintiff is currently in compliance with RPAPL 1331, and for a new determination of the motion thereafter. Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.