Cohanim v Sachar (2004 NY Slip Op 50541(U))

[*1]

Cohanim v Sachar

2004 NY Slip Op 50541(U)

Decided on May 25, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 25, 2004

Supreme Court, Kings County
HOUSHANG COHANIM and MAX MELAMED, Plaintiffs,
against
HARDIP SACHAR, PRITAM SINGH, THE NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE, THE NEW YORK CITY PARKING VIOLATION BUREAU, THE NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, AND BROOKLYN UNION GAS CO., AND "JOHN DOE No.1" THROUGH "JOHN DOE #10," Defendants.
49620/2000

James G. Starkey, J.
Defendants, Sachar and Singh, move for an order granting to them summary judgment pursuant to CPLR §3211 (a) (5) and CPLR §3212, dismissing with prejudice the complaint in the captioned action for foreclosure upon a mortgage agreement and note executed by defendants in favor of plaintiffs' assignor, The Greenpoint Savings Bank, and for a further order cancelling [*2]the Notice of Pendency [FN1] filed with the instant action, upon the ground that the plaintiffs failed to commence their foreclosure action within the time allowed pursuant to the applicable statute of limitations.
THE FACTS
In 1988 The Greenpoint Savings Bank, and defendants Sachar and Singh executed a mortgage and note in the amount of $30,000 as to the premises known as 166 Linwood Street, Brooklyn, New York, designated as Block 3926, Lot 41, and the mortgage was recorded in the Office of the Kings County Register on February 23, 1988. It is not disputed that the mortgage provided for accelerated payment of the full balance due, at the option of the lender, in the event of a default.
Thereafter defendants defaulted and The Greenpoint Savings Bank, by a letter dated March 9, 1992, notified defendants that they had defaulted and that accelerated payment in full was demanded. The letter also stated that if such payment was not received within 30 days a foreclosure action would be commenced by the bank on April 30, 1992.
It is also not disputed that defendants made no payments to the bank on the mortgage and note after receipt of the bank's letter. Thereafter, on or about March 17, 1993 under index number 9011-93 of the Supreme Court of the State of New York, Kings County, The Greenpoint Savings Bank commenced a foreclosure action against defendants and affidavits of service were duly filed with the court. Additionally, The Greenpoint Savings Bank filed a notice of pendency on April 5, 1993, duly recorded on page 285 in liber 1334 of the court's records. The court's records show that defendants did not answer the summons and complaint, but neither did The Greenpoint Savings Bank move for a default judgment. Indeed, the court file shows no further action taken since then by either party or the court and the action appears to be still viable. It has not been dismissed as abandoned or marked off any calendar. See CPLR §3215 ( c )[FN2]; CPLR §3216;[FN3] CPLR §3404.[FN4] On October 28, 1997, while the foreclosure action was still in status quo [*3]ante, The Greenpoint Savings Bank assigned the note and mortgage to a third party who, in turn, assigned them to a second assignee on September 16, 1999. A third assignment was ultimately made to plaintiffs on April 6, 2000.[FN5] All of the assignments were duly recorded in the Office of the Kings County Register.
On December 20, 2000, plaintiffs filed a summons and complaint for mortgage foreclosure on the subject premises based upon the failure of defendants-obligors to repay and satisfy the note in the amount of $30,000 plus interest, but no affidavit of service was filed in the
County Clerks' Office. A Notice of Pendency was filed and recorded the next day, December 21, 2000.[FN6] It is not disputed that defendants discovered the existence of the action as a result of a title search and filed their answer with affirmative defenses on November 24, 2003. They moved for summary judgement on December 23, 2003.
THE LAW
Here, the statute of limitations began to run as of the date of the assignor-bank's letter, April 9, 1992, declaring the defendants in default and accelerating payment of all monies due upon the note and mortgage. See Loiacono v. Goldberg, 240 AD2d 476, 477 (2d Dep't 1997). The applicable statute of limitations is six years [FN7] and defendants have properly asserted the affirmative defense of statute of limitations in their answer to the instant complaint. Thus, there are no material or triable issues of fact or law presented. See Sillman v. Twentieth Century-Fox Film Corp, 3 NY2d 395, 404 (1957). Plaintiffs' opposition papers are conclusory, without documentary or evidentiary proof, and set forth no basis in fact or law upon which the court could deny defendants' motion. See Amatulli v. Delhi Construction Corp., 77 NY2d 525, 533 (1991).
Defendants' motion to dismiss with prejudice the summons and complaint herein must be granted pursuant to CPLR §3211 ( a ) ( 5 ) and CPLR §3212. Defendants' motion for cancellation of the Notice of Pendency as to the instant foreclosure action is granted without prejudice to the filing by plaintiffs of a succeeding notice of pendency as to the 1993 action pursuant to RPAPL Article 13. See Campbell v. Smith, 309 AD2d 581 (1st Dep't 2003); Slutsky [*4]v. Blooming Grove Inn, 147 AD2d 208 (2d Dep't 1989).
SETTLE ORDER ON NOTICE.
 
 James G. Starkey
 J. S. C. 
Footnotes

Footnote 1:CPLR Article 65 sets forth the rules applicable generally in connection with the filing of a notice of pendency. RPAPL Article 13 applies to foreclosure actions and requires that a notice of pendency be filed at least 20 days before entry of final judgment. See RPAPL §1331.

Footnote 2:CPLR §3215 ( c ) provides that if the plaintiff fails to take proceedings for the entry of judgment within one year after a default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.

Footnote 3:CPLR §3216 (a) provides that where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or on motion, may dismiss the parties pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits.

Footnote 4:CPLR §3404 provides that a case in the supreme court or a county court marked "off" or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order.

Footnote 5:Defendants have not challenged the validity of the assignment of the subject mortgage to plaintiffs. As a result, plaintiffs-assignees may be able to continue the action commenced in 1993 by The Greenpoint Savings Bank even in the absence of a formal substitution. See CPLR §1018. See also Central Federal Savings, F.S.B. v. 405 W. 45th St., Inc., 242 AD2d 512 (1st Dep't 1997).

Footnote 6: See CPLR §6512, which provides that a notice of pendency is effective only if, within thirty days after filing, a summons is served upon defendant. 

Footnote 7:See CPLR §213 which provides that an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein, must be commenced within six years.