ATLANTIC MORTGAGE & INVESTMENT CORP., Respondent, v JAMES WYNN, SR., Also Known as JAMES I. WYNN, SR., Appellant, et al., Defendants. [778 NYS2d 638]—

Appeal from a judgment of the Supreme Court, Monroe County (Eugene W. Bergin, J.), entered July 16, 2002 in a foreclosure action. The judgment, among other things, awarded plaintiff the sum of $61,337.03, with interest, costs and disbursements, and ordered the sale of the mortgaged premises.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On this appeal from a judgment granting foreclosure of a mortgage and ordering the sale of the mortgaged premises, James Wynn, Sr., also known as James I. Wynn, Sr. (defendant), contends, inter alia, that the judgment should be reversed on the ground that the notice of pendency filed on August 25, 2000 was a nullity because it was filed after the expiration of the original notice of pendency, which was filed on March 13, 1997 (*see* CPLR 6513; RPAPL 1331; *Matter of Sakow,*

97 NY2d 436, 442 [2002]). We reject that contention. We agree with the First and Second Departments that *Sakow*, which holds that a second notice of pendency in a partition action cannot be filed after the expiration or cancellation of the original notice, is not applicable to a mortgage foreclosure action (*see Horowitz v Griggs*, 2 AD3d 404 [2003]; *Campbell v Smith*, 309 AD2d 581, 582 [2003]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.