■ SEARS MORTGAGE CORPORATION, Respondent, v SHAHROKH R. YAGHOBI, Appellant, et al., Defendants. [796 NYS2d 392]—

In a mortgage foreclosure action, the defendant Shahrokh R. Yaghobi appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Hart, J.), dated November 18, 2003, which, upon an order of the same court (Dunkin, J.), dated November 29, 1993, granting the plaintiff's motion for sum-

mary judgment striking his answer and affirmative defenses, and upon a decision of the same court (Schmidt, J.), dated November 20, 2002, inter alia, granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale, denied that branch of his cross motion which was to cancel successive notices of pendency, and directed that the subject premises be sold at public auction under the direction of a referee.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the plaintiff's motion for summary judgment. The plaintiff demonstrated, prima facie, that it was the holder of the subject mortgage, that the appellant was in default, and that it notified the appellant of his default pursuant to the terms of the mortgage. Moreover, the appellant admitted in his verified answer that the plaintiff held the mortgage at the time of the default. In opposition, the appellant failed to submit any evidence to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Contrary to the appellant's contention, the Supreme Court properly denied that branch of his cross motion which was to cancel successive notices of pendency that the plaintiff filed. As an exception to the general rule stated in *Matter of Sakow* (97 NY2d 436, 443 [2002]), a new notice of pendency may be filed in a mortgage foreclosure action despite the cancellation or expiration of a previous one (*see Bankers Trust Co. of Cal. v Lifson,* 5 AD3d 710 [2004]; *Horowitz v Griggs,* 2 AD3d 404, 406 [2003]; *Campbell v Smith,* 309 AD2d 581, 582 [2003]; 1 Bergman, New York Mortgage Foreclosures ¶ 15.05 [2]).

The appellant's remaining contentions are improperly raised for the first time on appeal (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 568, 571 [2004]). Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.