■ AMPUL ELECTRIC, INC., Appellant, v VILLAGE OF PORT CHESTER et al., Respondents. [946 NYS2d 232]—

In an action, inter alia, to foreclose a mechanic's lien filed in connection with certain real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered December 20, 2010, as denied that branch of its motion which was to extend a notice of pendency and granted that branch of the defendants' cross motion which was pursuant to CPLR 6514 to cancel the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff entered into a contract with, among others, the defendant March Associates to provide electrical services for a construction project which was part of an urban renewal project located on certain property owned by the defendant Village of Port Chester Industrial Development Agency. In February 2006 the plaintiff, claiming that contractually owed payments remained outstanding and owing to it, filed a mechanic's lien and, in October 2006, commenced this action to foreclose on the mechanic's lien, as well as to recover damages for breach of contract and unjust enrichment. The plaintiff also filed a notice of pendency in October 2006.

In October 2008 March Associates filed for bankruptcy, resulting in an automatic stay as to all proceedings against it. In an order dated March 24, 2009, the Supreme Court, inter alia, stated that "in the interests of judicial economy, at the request of the parties and in the discretion of the Court, the Court hereby stays this action . . . pending further advisement of the attorneys of the status of the March [Associates] bankruptcy proceeding."

In June 2010 the plaintiff withdrew its claims against March Associates in the Bankruptcy Court and, in July 2010, the plaintiff moved in the Supreme Court to, among other things, extend the notice of pendency nunc pro tunc. Since more than

three years had passed since the filing of the notice of pendency, the defendants cross-moved, inter alia, to cancel it. The Supreme Court denied the plaintiff's motion, and granted that branch of the defendants' cross motion which was to cancel the notice of pendency.

Pursuant to CPLR 6513, a "notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods upon a showing of good cause. The extension, however, must be requested prior to the expiration of the prior notice. This is an exacting rule; a notice of pendency that has expired without extension is a nullity" (*Matter of Sakow*, 97 NY2d 436, 442 [2002] [citation and internal quotation marks omitted]). A lapsed notice of pendency may not be revived (*see MCK Bldg. Assoc. v St. Lawrence Univ.*, 5 AD3d 911 [2004]; *Modular Steel Sys. v Avlis Contr. Corp.*, 89 AD2d 891 [1982]). Since the plaintiff failed to move to extend the notice of pendency prior to its expiration in October 2009, the Supreme Court properly denied that branch of the plaintiff's motion which was to extend the notice of pendency and properly granted that branch of the defendants' cross motion which was to cancel the notice of pendency (*see* CPLR 6513). Balkin, J.P., Chambers, Hall and Austin, JJ., concur.