■ THOMPSON BROTHERS PILE CORP., Respondent, v JEFFREY M. ROSENBLUM et al., Appellants, et al., Defendants. [21 NYS3d 709]—

In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants Jeffrey M. Rosenblum and Meryl A. Rosenblum appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated July 1, 2013, as denied those branches of their motion which were (1) to amend the caption to remove the defendants Bridlewood Construction Corp., Tradewood Windows and Doors, Inc., Marjam Supply Co., Inc., Ultimate Swimming Pool & Spa Services, Inc., First Class Concrete Corp., Seven Stars Construction, Inc., and N&P Engineers & Land Surveyor, PLLC, doing business as Nelson & Pope Engineers & Surveyors, and (2) to direct the Clerk of the Supreme Court, Nassau County, to remove from the Nassau County land records (a) the notices of pendency and mechanic's liens filed against the subject property by the plaintiff, (b) the notices of pendency and mechanic's liens filed against the subject property by the defendants Bridlewood Construction Corp., Marjam Supply Co., Inc., and First Class Concrete Corp., and (c) the mechanic's liens filed against the subject property by the defendants Tradewood Windows and Doors, Inc., and N&P Engineers & Land Surveyor, PLLC, doing business as Nelson & Pope Engineers & Surveyors.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and those branches of the motion of the defendants Jeffrey M. Rosenblum and Meryl A. Rosenblum which were (1) to amend the caption to remove the defendants Bridlewood Construction Corp., Tradewood Windows and Doors, Inc., Marjam Supply Co., Inc., Ultimate Swimming Pool & Spa Services, Inc., First Class Concrete Corp., Seven Stars Construction, Inc., and N&P Engineers & Land Surveyor, PLLC, doing business as Nelson & Pope Engineers & Surveyors, and (2) to direct the Clerk of the Supreme Court, Nassau County, to remove from the Nassau County land records (a) the notices of pendency and mechanic's liens filed against the subject property by the plaintiff, (b) the notices of pendency and mechanic's liens filed against the subject property by the defendants Bridlewood Construction Corp., Marjam Supply Co., Inc., and First Class Concrete Corp., and (c) the mechanic's liens filed against the subject property by the defendants Tradewood Windows and Doors, Inc., and N&P Engineers & Land Surveyor, PLLC, doing business as Nelson & Pope Engineers & Surveyors, are granted.

In March 2009, the plaintiff contractor filed a mechanic's lien against the subject property based on the alleged refusal of the defendant owners, Jeffrey M. Rosenblum and Meryl A. Rosenblum (hereinafter together the appellants), to pay a certain amount of money owed to the plaintiff. In October 2009, the plaintiff commenced this action, inter alia, to foreclose on the mechanic's lien, and filed a notice of pendency against the subject property. In February 2013, the appellants moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the sixth cause of action, which was to foreclose a mechanic's lien, on the ground that the lien expired with the notice of pendency in October 2012, to direct the Clerk of the Supreme Court, Nassau County, to remove from the Nassau County land records the notices of pendency and mechanic's liens filed by the plaintiff and various defendants in this action, and to amend the caption to remove certain defendants, who were solely named as defendants due to their status as holders of mechanic's liens and notices of pendency against the property. In the order appealed from, the Supreme Court, among other things, granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) to dismiss the sixth cause of action, but otherwise denied the appellants' motion.

"Pursuant to Lien Law § 17, a mechanic's lien expires one year after filing unless an extension is filed with the County Clerk or an action is commenced to foreclose the lien within that time and a notice of pendency is filed in connection

therewith" (*Aztec Window & Door Mfg., Inc. v 71 Vil. Rd., LLC*, 60 AD3d 795, 796 [2009]). Further, "[w]here a lienor is made a party defendant in an action to enforce another lien and a notice of pendency has been filed in that action, the lien of such defendant is continued" (*Matter of Lindt & Sprungli USA v PR Painting Corp.*, 292 AD2d 610, 611 [2002]; *see* Lien Law § 17). However, "[a] lien, the duration of which has been extended by the filing of a notice of the pendency of an action . . . , shall nevertheless terminate as a lien after such notice has . . . ceased to be effective as constructive notice as provided in [CPLR 6513]" (Lien Law § 17). Pursuant to CPLR 6513, "[a] notice of pendency shall be effective for a period of three years from the date of filing." While a notice of pendency "may be extended for additional three-year periods upon a showing of good cause," "[t]he extension . . . must be requested prior to the expiration of the prior notice," and "[a] lapsed notice of pendency may not be revived" (*Ampul Elec., Inc. v Village of Port Chester*, 96 AD3d 790, 791 [2012]; *see Matter of Sakow*, 97 NY2d 436, 442 [2002]).

Here, the plaintiff filed its notice of pendency on October 13, 2009. Since the plaintiff did not request an extension of the notice of pendency within three years from that date, the notice of pendency expired in October 2012 (*see* CPLR 6513; *Gallo Bros. Constr. v Peccolo*, 281 AD2d 811 [2001]; *Modular Steel Sys. v Avlis Contr. Corp.*, 89 AD2d 891 [1982]). As the Supreme Court correctly observed, the plaintiff's request for an extension of the notice of pendency on February 22, 2013, occurred after the notice of pendency expired, and the plaintiff could not revive the lapsed notice of pendency (*see Ampul Elec., Inc. v Village of Port Chester*, 96 AD3d at 791). Further, while the mechanic's lien filed by the plaintiff on March 10, 2009, was extended by the filing of the notice of pendency and commencement of this action in October 2009, the mechanic's lien expired together with the notice of pendency in October 2012 (*see A.C. Green Elec. Contrs. v SMG Constr.*, 279 AD2d 287 [2001]; *Modular Steel Sys. v Avlis Contr. Corp.*, 89 AD2d 891 [1982]; *Spartan Concrete Corp. v Harbour Val. Homes*, 71 AD2d 950 [1979]).

In addition, it is undisputed that the defendants Bridlewood Construction Corp., Tradewood Windows and Doors, Inc., Marjam Supply Co., Inc., Ultimate Swimming Pool & Spa Services, Inc., First Class Concrete Corp., Seven Stars Construction, Inc., and N&P Engineers & Land Surveyor, PLLC, doing business as Nelson & Pope Engineers & Surveyors (hereinafter collectively the defendant lienors), all of whom

filed a mechanic's lien against the subject property, either did not commence an action and file a notice of pendency within one year from the filing of a lien or seek an extension of the lien (*see* Lien Law § 17), filed a notice of pendency but did not seek an extension thereof within three years from the date of filing (*see* CPLR 6513), or filed a stipulation to discontinue a claim to enforce the lien. Further, while some of the liens filed by the defendant lienors were continued by the commencement of the subject action and the plaintiff's filing of a notice of pendency in October 2009 (*see Matter of Lindt & Sprungli USA v PR Painting Corp.*, 292 AD2d at 611), the plaintiff did not seek to extend that notice of pendency within three years from the date of filing and, thus, the plaintiff's notice of pendency expired in October 2012 (*see Ampul Elec., Inc. v Village of Port Chester*, 96 AD3d at 791). Consequently, any liens filed by the defendant lienors that were continued by the commencement of this action and the plaintiff's filing of a notice of pendency in October 2009 expired together with that notice of pendency in October 2012 (*see* Lien Law § 17; *A.C. Green Elec. Contrs. v SMG Constr.*, 279 AD2d 287 [2001]; *Modular Steel Sys. v Avlis Contr. Corp.*, 89 AD2d 891 [1982]). Upon the expiration of the mechanic's liens and notices of pendency filed by the defendant lienors, the appellants, as owners of the subject property, were "entitled to make a motion in order to remove such notices [and liens] from the record" (*Modular Steel Sys. v Avlis Contr. Corp.*, 89 AD2d 891, 891 [1982]; *see* CPLR 6514).

Furthermore, insofar as the Supreme Court granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) to dismiss the sixth cause of action to foreclose on a mechanic's lien, which was the sole cause of action asserted against the defendant lienors, it is appropriate to remove those defendants as parties to this action (*see* CPLR 1003; *Hitchcock v Abbott*, 9 AD3d 563, 567 [2004]).

Accordingly, the Supreme Court should have granted those branches of the appellants' motion which were to amend the caption to remove the defendant lienors, and to direct the Clerk of the Supreme Court, Nassau County, to remove from the Nassau County land records the notices of pendency and mechanic's liens filed against the subject property by the plaintiff, the notices of pendency and mechanic's liens filed against the subject property by the defendants Bridlewood Construction Corp., Marjam Supply Co., Inc., and First Class Concrete Corp., and the mechanic's liens filed against the subject property by the defendants Tradewood Windows and Doors, Inc., and N&P Engineers & Land Surveyor, PLLC, do-

ing business as Nelson & Pope Engineers & Surveyors. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.